Rev. 3/19

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

Say Silin Keodara
*Plaintiff's full name and prisoner number*
DOC # 367524

              Plaintiff,

v.

Jeri Boe
Robert Herzog

_____

*Defendant's/defendants' full name(s)*

             Defendant(s).

Case No. 3:21-cv-05129-JCC-TLF

(leave blank – for court staff only)

**PRISONER CIVIL RIGHTS COMPLAINT**

Jury Demand?
☒ Yes
☐ No

(If you cannot fit all of the defendants' names in the space provided, please write "see attached" in the space above and attach additional sheets of paper, as necessary, with the full list of names. The names listed here must be identical to those in Section II. Do not include addresses here. **Individuals whose names are not included in this section will not be considered defendants in this action.**)

## WARNINGS

1.    Do not use this form if you are challenging the validity of your criminal conviction or your criminal sentence. If you are challenging your conviction or sentence, or if you are seeking restoration of good-time credits that would shorten your sentence, you must file a Petition for Writ of Habeas Corpus. If you use this form to challenge your conviction or sentence, you risk having your claim dismissed. Separate forms are available for filing a habeas petition.

2.    Under the Prison Litigation Reform Act ("PLRA"), you are required to exhaust all remedies in your institution's grievance system that are available to you before filing suit. This generally means that you must file a grievance and, if it is denied, appeal it through all available levels of review. Your case may be dismissed if you fail to exhaust administrative remedies, unless the administrative grievance process was not "available" to you within the meaning of the PLRA. You are not required to plead or show that you have exhausted your claim in this complaint.

3.      Please review your complaint carefully before filing.  If your case is dismissed, it may affect your ability to file future civil actions while incarcerated without prepaying the full filing fee.  Under the PLRA, a prisoner who has had three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim cannot file a new action without first paying the full filing fee, unless the prisoner is in imminent danger of serious bodily injury.

4.      Under Federal Rule of Civil Procedure 5.2, papers filed with the court, including exhibits or attachments to a complaint, <u>may not</u> contain certain information, which must be modified as follows:

> Do <u>not</u> include:
> * a full social security number
> * a full birth date
> * the full name of a minor
> * a complete financial account number
>
> Instead, use:
> → the last four digits
> → the birth year
> → the minor's initials
> → the last four digits

5.      You may, but do not need to, send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.  Any documents you submit *must relate directly to the claims you raise in this lawsuit.*  They will become part of the court record and *will not be returned to you.*

---

## I.    PLAINTIFF INFORMATION

KeodARA , SAY ,S
Name (Last, First, MI)                                                Aliases/Former Names

367-524
Prisoner ID #

Clallambay Correction Center
Place of Detention

1830 Eagle Crest Way
Institutional Address

Clallam , Clallambay , WA          98326
County, City          State          Zip Code

*Indicate your status:*

☐ Pretrial detainee                    ☒ Convicted and sentenced state prisoner
☐ Civilly committed detainee           ☐ Convicted and sentenced federal prisoner
☐ Immigration detainee

## II.   DEFENDANT INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page of the complaint. Attach additional sheets of paper as necessary.*

Defendant 1:     Boe, & Jeri
Name (Last, First)

Superintendent
Current Job Title

1830 EAGLE CREST WAY
Current Work Address

CLALLAM, CLALLAM BAY, WA      98326
County, City                    State            Zip Code

Defendant 2:     Herzog, Robert
Name (Last, First)

Assistant Secretary, Prisons Division
Current Job Title

DOC. Headquarters PO Box 41100
Current Work Address

Thurston, Olympia, WA      98504-1110
County, City                    State            Zip Code

Defendant 3:     _____
Name (Last, First)

_____
Current Job Title

_____
Current Work Address

_____
County, City                    State            Zip Code

## III.    STATEMENT OF CLAIM(S)

*In this section, you must explain what you believe each defendant did to violate your civil rights, and if you know, identify the federal statutory or constitutional right you believe was violated.*

*If you believe the defendant(s) violated your civil rights in more than one way, explain each violation under a different count. For example, if you believe you received constitutionally inadequate medical care and your religious rights were substantially burdened, include one claim under "Count I" (i.e., medical) and the other claim under "Count II" (i.e., religion).*

*Number your paragraphs. For example, in Count I, paragraphs should be numbered 1.1, 1.2, 1.3, etc., and in Count II, paragraphs should be numbered 2.1, 2.2, 2.3, etc. The first two paragraphs of each Count have been numbered for you.*

*If you have more than three counts, attach additional pages and follow the same format for each count.*

*If you attach documents to support the facts of your claim(s), you <u>must</u> specify which portion of the document(s) (i.e., page and paragraph) you are relying on to support the specific fact(s) of your claim(s). <u>If you do not specify the portion of the supporting document(s), the Court may disregard your document(s).</u>*

### <u>COUNT I</u>

*Identify the first right you believe was violated and by whom:*

1.1 Mr. Keodara's right to due process under the Farteenth Amendment of the US. Const. was violated by Defendant Boe.

*State the <u>facts</u> of your first claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

1.2 On November 4th, 2020 The plaintiff, Mr. Keo-DARA, was housed at the Clallambay Correction center when he recieved a letter from Super-intendent Jeri Boe (Defendant Boe) dated

November 4th, 2020. This letter will be referred to as "the termination letter" throughout this claim - it was adressed to the plaintiff's fiancé Melissa Mesa (MS. Mesa) and CC:d to him (Mr. Keodara)

1.3 The termination letter States that Defendant Boe has recieved information that leads her to believe that MS. Mesa's and Mr. Keodara's interactions create a risk to the security and operation of CBCC and any DOC facility. 1.4 Defendant Boe also states that it is ~~see~~ believed that in May of 2020 (MS. Mesa) in concert with and at the direction of incarcerated individual (Mr. Keodara), ~~assist~~ ~~anted~~ ed, aided, and or conspired to introduce contraband into CBCC. 1.5 As a result, Defendant Boe immediately and permanently ~~terminated visitation between Ms Mesa and Mr. KeodARA.~~

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count I. Continue to number your paragraphs.*

The plaintiff has suffered from punitive damages, Nominal damages,

The plaintiff had to buy a Prisoner self Help litigation manuel worth $50.00

## COUNT 1 (continued)

1.6 Defendant Boe also immediately and permanently restricted all ~~tem~~ forms of communication between Ms. Mesa and Mr. Keodara which includes but is not limited to any telephonic, written, or electronic communication. See Exhib 1

1.7 The immediate and permanent termination of visitation and all communication restrictions enforced by Defendant Boe is a disciplinary action (serious violation sanction-punishment) for an alleged disciplinary offense (WAC prison rule violation.) see Exhibit 7. Prison Sanctioning Guidelines pg. 2

1.8            Denial of Due Process

1.9 Due to the restrictions, see facts 1.5, 1.6 above. Mr. Keodara cannot exercise his right to marry Ms. Mesa.

1.10 Mr. Keodara cannot exercise his right to send letters/emails to Ms. Mesa.

1.11 Mr. Keodara cannot exercise his right to recieve letters/emails from Ms. Mesa.

1.12. Mr. Keodara cannot exercise his right to call Ms. Mesa.

1.13 As of the date of this claim, Defendant Boe has not submitted an infraction report against Mr. Keodara.

1.14 As of the date of this claim, Defendant Boe has not identified what WAC prison rule that Mr. Keodara allegedly violated.

1.15 As of the date of this claim, Defendant Boe has not given Mr. Keodara a disciplinary hearing.

1.16. As of the date of this claim, Defendant Boe has not served Mr. Keodara with a written disposition

findings of fact indicating what information Defendant Boe has relied upon to believe Mr. Keodara violated a prison rule with Ms. Mesa.

1.17 Allegation(s) against the plaintiff, Mr. Keodara and Ms. Mesa set forth in Defendant Boe's termination letter are vague and broad. See Exhibit 1

1.18 Disciplinary action (Serious Violation Sanctions) enforced by Defendant Boe are wrong because it is in violation of Washington Administrative Code criteria and DOC policy. See Exhibit 8. WAC 137-28-270, 137-28-350, 137-28-285. See also Exhibit 6. DOC policy 460.050 Disciplinary Sanctions Pg. 2, 11., 1. A., 460.000 Disciplinary Process for Prisons Pg. 6, IV. A. 1. 2. a. Also. Prison Sanctioning Guidelines, Attachment 2 Pg. 2 — Suspension of visitation with specified individual(s), if permanent "must meet WAC 137-28-350 criteria" Also. Interruption/restriction of correspondence, telephone, and/or electronic communication privileges. Correspondence may only be limited to specified individuals, if permanent "must meet WAC 137-28-350 criteria".

## COUNT II

*Identify the second right you believe was violated and by whom:*

2.1 Mr. Keodara's right to Equal protection of the Law Under the Fourteenth Amend. of the US. Const. was violated by Defendant Boe.

*State the facts of your second claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

2.2 The immediate and permanent termination of visitation and all communication restrictions enforced by Defendant Boe was a disciplinary action (Serious violation sanctions) for an alleged disciplinary offense (Serious violation) 2.3 As a result, Defendant Boe intentionally and without rational basis treated the plaintiff differently from others similarly situated.

2.4 When DOC staff witness and/or determine that a Serious violation has occurred he/she shall prepare and submit an infraction report. Per WAC 137-28-270 and DOC policy 460.000 Page 6 IV.A.1, 2a.

2.5 Before a prisoner is sanctioned for a violation he must have been found guilty; if not, sanctions shall not be imposed for that violation. Per WAC 137-28-350 and DOC policy 460.000 III.H., IV.H.3.

(Count II continued on separate sheet of paper)

2.6 The plaintiff asserts that all persons (prisoners) similarly situated (who are accused of committing a serious violation and sanctioned) should be treated alike. (afforded an established disciplinary process to: an infraction report, notice, a hearing and fand guilty before sanction(s) is imposed. see paragraph 2.5 above.

2.7 Defendant Boe has treated Mr. Keodara ~~differently~~ differently than all prisoners similarly situated and this resulted in unequal treatment to Mr. Keodara.

Inequality that lacked justification
no rational basis, Notreasonable

2.8 Defendant Boe does not indicate a "valid, rational connection between the regulation and a legitimate govermental interest put forward to justify it.

2.9 The plaintiff sent an "Offenders Kite" to defendant Boe on 11/16/2020 requesting that she re-instate Mr. Keodaras visitation with Ms. Mesa.

2.10 The "offenders kite" also notified Defendant Boe that: The termination is arbitrary, malicious and disciplinary in nature; without affording me (plaintiff) or her (Ms. Mesa) our rights to any fairness or impartiality and this is in violation of our due process and equal protection rights against discrimination.

2.11 The plaintiff then asks Defendant Boe: What do you want there is a reason why you did this without just cause.

2.12 Defendant Boe's response merely states: The termination

Page 9 of 28

includes a path for appeal. MS. Mesa will need to send an appeal letter as directed for review by the Assistant Secretary of Prisons. See Exhibit 3

2.13 Factual examples of no rational relationship / No rational basis include: Saul Davis, Moses Beliz, Justin Mahaffey, Steven Tuimeseave, Jerry Harris, Jsdon Munds, are all prisoners who were accused of contraband related offenses since August 2020 and charged with WAC 605 rule violations.

2.14. A WAC 605 rule violation is - introducing or transfering any unauthorized drug or drug paraphernalia.

2.15 These above named inmates were served with infraction reports, given notice and a hearing per WAC guidelines and DOC policy

2.16 Some of these prisoners friends and/or family were non-prisoners who were accused of being participants in the WAC 605 rule violations.

2.17 As of Once these prisoners were found guilty at a hearing, the hearings officer made recommendations to superintendent Jeri Boe (Defendant Boe) to enforce the loss of any and all communication between the prisoners and their non-prisoner participants.

2.18 As of the date of this claim, any and all communication has not been permanently / temporarily enforced against the above named prisoners and their participants

2.19 Unlike the above named prisoners. Paragraph 2.13 above, the plaintiff was not charged with an identified WAC rule violation (infraction), not given notice or a hearing. Yet, immediate and permanent termination of visitation and all communication was imposed against the plaintiff and Ms. Mesa. ~~Exhibit 1~~ See Exhibit 1

2.20 Henceforth, restrictions imposed against Mr. Keodara do not reasonably relate to a legitimate penological interest (such as concern for the safety and operation of CBCC or any other DOC facility) because Defendant Boe did not enforce the loss of any and all communication recommendations made by the hearings officer who found the above named prisoners and their non-prisoner accomplices guilty of 603 violations which is introducing and or transfering any unauthorized drug or drug paraphernalia.

2.21 Moreover, Defendant Boe's differential treatment (sanctioning the plaintiff for an alleged serious violation without being afforded an established disciplinary process that all prisoners similarly situated are afforded) does not bear a "rational relationship" to a legitimate governmental purpose (because the above named prisoners and their non-prisoner accomplices were found guilty at a hearing. Yet, they did not lose all communication, let alone visitation - with their accomplice.

2.22 Defendant Boe's discriminatory treatment was intentional and not an accident or random act per facts 2.4-12.

2.23 The plaintiff identify's as a class of one.

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count II. Continue to number your paragraphs.*

2.24 The plaintiff relationship with his fiancé has gone rocky.

2.25 The plaintiff has spent 30 hours preparing and studying to file this civil suit.

**COUNT III**

*Identify the third right you believe was violated and by whom:*

3.1 Mr. Keodara's right to freedom of expression under the First Amend. of the U.S. const. was violated by Defendant Boe,

*State the <u>facts</u> of your third claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

3.2 Defendant Boe enforced the immediate and permanent loss of visitation and any and all communication restrictions against the plaintiff as noted in ~~the~~ count 1, 1.5 -1.7 above, because the plaintiff was exercising his First Amendment U.S. Constitutional right to utilize

the prison grievance system. 3.3 On August 18, 20-20 the plaintiff agreed to an interview with the Internal Investigations Unit (IIU) at CBCC. In short, the investigator wanted to know the names of correctional officers who brought drugs into CBCC. At that point the plaintiff ended the interview. 3.4 On August 29, 2020 an investigator from the (IIU) wanted to interview the plaintiff again. The plaintiff refused the interview. 3.5 The same day the plaintiff refused to be interviewed by the (IIU), without warning, explanation - the IIU shut off the plaintiffs phone pin so that he could not call anyone on August 29, 2020. 3.6 The plaintiff then on August 29, 2020 filed a grievance against the IIU. 3.7 On 9/16/2020 the grievance coordinator informally resolved the grievance and the plaintiff's phone pin was turned back on.

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count III.  Continue to number your paragraphs.*

3.23 The plaintiff's relationship with Ms. Mesa has gone rocky

3.24. The plaintiff has spent 30 hours, minimum studying/preparing to file this civil suit.

3.8 Nineteen days after the plaintiffs grievance was resolved in his favor, see 3.7 above, without warning or explanation on 10/5/2020 the (IIU) restricted the plaintiff from calling friends and family - including Ms. Mesa.

3.9 The same day the IIU restricted the plaintiff from calling friends and family, see 3.8 above, On 10/5/2020 the plaintiff filed a second grievance against the (IIU).

**3.10** Between 10/5/2020 - 10/20/2020 Ms. Mesa called CBCC and spoke with the IIU. Ms. Mesa asked why her ~~phone~~ number was restricted. In short, the IIU told Ms. Mesa that they (IIU) will lift the restriction on her number. Ms. Mesa's declaration will be submitted.

3.11 On 10/22/2020 Before the IIU could - the grievance coordinator informally resolved the grievance in the plaintiff's favor by asking for a list of all the numbers restricted and then un-restricted all the numbers provided by the plaintiff - including Ms. Mesa's.

3.12 Thirteen days after the restrictions were lifted, see 3.11 above, On 11/4/2020 Defendant Boe immediately and permanently restricted visitation and all communication between Ms. Mesa and the plaintiff, as noted in ct count 1, i.5-17

3.13 On 11/6/2020 the plaintiff sent an "OFFENDERS KI TE" to Defendant Boe. In short, the plaintiff respectfully requested that defendant Boe reinstate visitation with Ms. Mesa. And stated the disciplinary action was arbitrary mallscious, violated our rights without just cause.

3.14 On 11/15/2020 The plaintiff filed a grievance against Defendant Boe for enforcing all communication restrictions.

3.15 Between 11/10/2020 - 11/25/2020 The plaintiff was exercising in his cell when investigator Conrad Artis approached the plaintiffs cell front. Investigator Artis indicated his role in the restrictions imposed by Defendant Boe.

3.16 On 12/3/2020 The grievance coordinator did not overturn the all communication restrictions above at 3.14 but merely stated "your complaint has merit it has been removed from the grievance program and is under further review."

3.17 Between 12/3/2020-12/25/2020 The plaintiff was making his bed when he heard Defendant Boe's heels clacking on concrete.

3.18 The plaintiff went to his cell front and questioned Defendant Boe about the restrictions.

3.19 Defendant Boe's response indicates a retaliatory purpose.

3.20 The allegations in Defendant Boe's termination letter dated 11/4/2020 are false.

3.21 Defendant Boe departed from established disciplinary process when imposing serious violation sanctions against the plaintiff.

For Instance, no infraction report was ever submitted
no hearing has ever been held, no evidence has
been provided in the form of a written disposition,
Defendant Boe usurped the role of a hearings
officer, Defendant Boe did not inform Ms. Mesa
of her right to appeal visitation restrictions, instead
directed Ms. Mesa straight to Defendant Herzog.
3.22 Defendant Boe's disciplinary actions against the
plaintiff did not reasonably advance a legitimate
correctional goal. See Count 2(II), 2.8-2.21.
Also, as of the date of this claim no evidence
has been provided nor explanation given to
even entertain the idea that Defendant Boe's
actions reasonably ~~ee~~ advance a legitimate
correctional goal.

Count four

4.1 Mr. Leodoro's Eighth and Fourteenth Amend. U.S. const. rights were violated by Defendant Herzog for his failure to act. Defendant Herzog is liable for Defendant Boe's acts.

Facts

4.2 Defendant Herzog reviewed the appeal submitted by Ms. Mesa for the immediate and permanent loss of visitation restriction entered by ~~Ms. M~~ Defendant Boe.

4.3 The plaintiff was/is barred from grieving a loss of visitation because the grievance program does not review visitation restriction – only Defendant Boe and Defendant Herzog.

4.4 On December 14, 2020 The plaintiff recieved a letter that was cc.'d to him and adressed to Ms. Mesa, from Defendant Herzog, Assistant secretary, prisons division.

4.5 Defendant Herzog refused to overturn the visitation restriction stating " policy 480.300 Visits for Incarcerated Individuals States ' Persons involved in attempting, conspiring to introduce, or aiding and abetting another to introduce contraband will have their visitation privileges suspended or permanently terminated' ".

4.6 Defendant Herzog then concluded vaguely stating " based on records reviewed, due to safety and security concerns, the termination of visit privileges is appropriate and remains in place at this time."

4.7 The policy that Defendant Herzog cites above.

see 4.5 ~~above~~. does not apply to the plaintiff and
Ms. Mesa because that section of policy, ~~460.000~~ 450.300 Pg. 10
IX. B. 1, 2. is in reference to a subsection in regards
to a visitor found to be in possession of dangerous
contraband and/or a visitor who is found to be in
possession of items that are legal but considered to
be contraband in prisons.

4.8 On the other hand, the applicable policy and proced-
ure requires Defendant Herzog to overturn the vis-
itation restriction. See 450.300 Visit for Incarcerated
Individuals IX. A.1. see also 460.050 Disciplinary
Sanctions - Prison Sanction Guidelines, Attachment
2, Page 2 - Suspension of Visitation with specified
individuals if permanent, must meet WAC 137-28-
350 criteria

4.9 On  /  /  Ms. Mesa sent an email appealing the
permanent visitation restriction.

4.10. The plaintiff sent an appeal letter to Defend-
ant Herzog.

4.11 The plaintiff told Defendant Herzog how he met
and fell in love with Ms. Mesa, that the plaintiff is
twenty years younger than her, that she is a
U.S. customs and borders agent who had to
gain permission to be involved with the plaintiff
which is that they are engaged to be married.
The plaintiff also told Defendant Herzog that he
and Ms. Mesa planned on having a child together

that she is all the plaintiff had and that he would do nothing to jeopardize what they had.

4.12 Defendant Herzog was notified that the plaintiff and Ms. Mesa did not committ the violation(s) accusations in Defendant Boe's termination letter dated 11/4/2020. as noted in claim 1, ~~15~~

4.13 Defendant Herzog was notified that the visitation restriction imposed by Defendant Boe was in violation of DOC policy and procedure.

4.14 Defendant Herzog was notified that the plaintiff never recieved a hearing or infraction report.

4.15 Defendant Herzog had the opportunity ~~to~~ ~~station~~ and authority to overturn the visitation restriction per policy 450.300 XI.B. Yet, failed to act.

Count Five

5.1 Mr. Keodara's fourteenth Amendment constitutional right to marry Ms. Mesa was violated by Defendant Boe

Facts

5.2 On 1/16/21 The plaintiff sent an "Offenders Kite" to Superintendent Boe (Defendant Boe)

5.3 The offenders Kite states can Melissa Mesa and I begin our marriage process? If not, can you explain why? — She (Ms. Mesa) told my mother that her paperwork is ready, again.

5.4 Defendant Boe responds: Currently your communi- cation Visits have been terminated with this Visitor. No reasonable relationship

5.5 Defendant Boe's response does not indicate a valid, rational connection between the restriction and a legitimate penological Interest to justify it. see 5.4 above.

5.6 There is no rational legitimate penological interest in denying the plaintiff of his right to marry Ms. Mesa because Defendant Boe has not imposed those restrictions (above in 5.4) upon prisoners who were found guilty for contraband related offenses, as explained in Count II, 2.13 - 2.18

5.7 The plaintiff has no alternative means of exercising his constitutional right to marry-Ms. Mesa.

5.8 By allowing the plaintiff and Ms. Mesa to marry this will not effect prison operations (negatively) because marriage ceremony is part of normal, everyday operations for those who follow the established process.

5.9 The obvious, easy alternative is to overturn the visitation and all communications restrictions because they are wrongfully imposed to begin with. As explained in the count I, 1.14 see also count four, 4.7-4.8

5.10 Overturning the restrictions and allowing the plaintiff to marry Ms. Mesa would be at a de minimus cost to valid penological interest because there is no valid penological interest in the restrictions to begin with. As explained in count II, 2-13-2-18 the prison normally provides services for marriage.

5. Ceremonies to those who follow the process.

## Count Six

6.1 The plaintiff's First Amendment constitutional right was violated by Defendant Boe.

### Facts

6.2 As stated in count 1, 1.5-1.7, Defendant Boe restricted all forms of communication with Ms. Mesa.

6.3 Regulations of incoming mail was not reasonably related to the prisons legitimate penological interest interest in prison safety because:

6.4 Ms. Mesa is banned from sending mail to the plaintiff even if the content in mail does not raise prison safety concerns or violate prison rules/policies.

6.5 Ms. Mesa has never sent in mail to the plaintiff that was rejected for content that raised prison safety concerns except when Ms. Mesa's letter was rejected because it appeared to have perfume on it (mail censor stated nothing was sent in as in contraband)

6.6 The plaintiff and Ms. Mesa have never been found guilty of engaging in any misconduct together that violated prison rules/policies.

6.7 Regulations of the plaintiff's outgoing mail to Ms. Mesa did not further a substantial governmental interest in prison safety because:

6.8 The plaintiff is restricted from sending mail to Ms. Mesa even when the content of the outgoing mail does not violate any prison rules/policies

6.9 The plaintiff has never had his outgoing mail to Ms. Mesa rejected except when he sent her a hand drawn greeting card and poem without a "permit" allowing the plaintiff to send hand drawn cards,

6.10 The plaintiff and Ms. Mesa have never been found guilty of engaging in any misconduct together that violates prison rules/policies.

6.11 Lastly, regulations against the plaintiff and Ms. Mesa did not further a substantial governmental interest in prison safety nor did it reasonably relate to the prisons legitimate penological interest in prison safety because prisoners who have been found guilty with their non-prisoner accomplices for 603 rule violations (drug related offenses) are still allowed to send/recieve letters/emails to eachother, talk on the phone together, see eachother in visitation, etc. See Count 2 (II), 2.13 - 2.18, 2.20

## Claims for Relief

1. The disciplinary action (serious violation sanctions) taken against the plaintiff by Defendant Boe without identifying what WAC rule he allegedely violated, not submitting an infraction report (notice), not giving him a disciplinary hearing nor providing a written disposition, denied the plaintiff due process of law in violation of the Fourteenth Amendment to the U.S. Constitution.

2. Defendant Boe's failure to afford the plaintiff his right to an established disciplinary process that all other prisoners similarly situated are entitled to when they have been accused of a violation and sanctioned for the alleged violation, denied the plaintiff Equal protection of the Law in violation of the Fourteenth Amendment to the U.S. Constitution.

3. Regulations (restrictions) imposed against the plaintiff by Defendant Boe was retaliation against the plaintiff for utilizing the prison grievance system; denied the Plaintiff Freedom of expression and association in violation of the First Amendment to the U.S. Constitution.

4. The failure of Defendant Herzog to overturn the wrongfully imposed permanent visitation restriction against the plaintiff constituted deliberate indifference to the plaintiff's rights and contributed to and proximately caused the above described Fourteenth Amendment rights violation. As well as, the plaintiff's right to marry.

5. Defendant Boe's failure to allow the plaintiff to marry Ms. Mesa due to the wrongfully imposed restrictions denied the his right to marry in violation of the Fourteenth Amendment to the U.S. constitution.

6. Regulations of incoming and outgoing mail to/from Ms. Mesa denied the plaintiff his right to Freedom of expression and Association in violation of the First Amendment to the U.S, constitution.

<u>Relief Requested</u>

WHEREFORE, The plaintiff request that the Court grant the following relief

A. Issue a Declatory Judgement Stating that:

1. Defendant Boe's disciplinary actions taken against the plaintiff violated the plaintiff's rights under the due process clause of the Fourteenth Amendment to the U.S. constitution.

2. Defendant Boe's failure to afford the plaintiff of his right to an established disciplinary process that all other prisoners similarly situated are entitled to when they have been accused of a violation and sanctioned for that violation, violated the plaintiff's rights under the Fourteenth Amendment to the U.S, Constitution.

3. Defendant Boe's retaliatory restrictions against the plaintiff for utilizing the prison grievance system

violated the plaintiff's rights under the First Amend-
ment of the U.S. constitution.

4. Defendant Herzog's failure to take action to over-
urn the wrongfully imposed permanent visitation rest-
riction against the plaintiff and Ms. Mesa violated the
plaintiff's rights under the Fourteenth Amendment of
the U.S. constitution.

5. Defendant Boe's failure to allow the plaintiff to
marry Ms. Mesa violated the plaintiff's rights under
the Fourteenth Amendment to of the U.S. constitution.

6. All communications regulations imposed by Def-
endant Boe violated the plaintiff's rights under the
First Amendment of the U.S. constitution.


B. Issue an injunction ordering Defendants Boe,
Herzog or their agents to:

1. Immediately reinstate visitation privileges with
Ms. Mesa.

2. Immediately put Ms. Mesa back on the plaintiff's
visitation list.

3. Allow the plaintiff to marry Ms. Mesa once he
has followed established prison process/procedure

4. Immediately reinstate all communication with
Ms. Mesa.

5. Immediately expunge Defendant Boe's termination
letter from the plaintiff's central file and any

DOC file.

**6**. Immediately expunge Defendant Herzog's appeal letter (failing to overturn visitation restriction) from the plaintiff's central file and any DOC file

**7**. Order Defendant Boe to stop imposing disciplinary sanctions against prisoners without affording them their rights to due process- per WAC criteria, Policy

**8**. Order Defendant Herzog to ~~ev~~ stop failing to overturn visitation restrictions that are imposed in direct violation of WAC criteria and DOC policy.

C. Award punitive damages in the following amounts!

1. What is deemed appropriate in order to deter Defendant Boe's reprehensible conduct. I.E. determine the right degree of "Sting" by considering Defendant Boe's assets

2. What is deemed appropriate in order to deter Defendant ~~Bo~~ Herzog's reprehensible conduct. I.E. determine the right degree of "Sting" by considering Defendant Herzog's assets.

D. Grant relief as it may appear that the plaintiff is entitled.

Pursuant to USC, § 1746. I verify under the penalty of perjury that the ~~foregoing~~ foregoing is true and correct.

Feb 20, 2021

Say Sulin Keodara

## IV.   RELIEF

*State exactly what you want the Court to do for you.  For example, you may be seeking money
damages from an individual defendant, you may want the Court to order a defendant to do
something or to stop doing something, or you may want both kinds of relief.  Make no legal
arguments.  Cite no cases or statutes.*

_____

_____

_____

_____

## V.   SIGNATURE

*By signing this complaint, you represent to the Court that you believe the facts alleged to be true
to the best of your knowledge, that you believe those facts show a violation of law, and that you
are not filing this complaint to harass another person or for any other improper purpose.*

Feb 20, 2021                                S Keahn
Dated                                       Plaintiff's Signature

Pursuant to U.SC. 1746 I verify under the
Penalty of perjury that the foregoing
facts in this complaint are true and
correct.

Feb 20, 2021
J Keahn

Declaration of Say Keodara
Pertaining to facts set forth
in 1983 Civil Suit. (Documents)

1. The termination letter dated November 4, 2020 is att
ached to this declaration as Exhibit 1. This letter was
cc'd to the plaintiff on November 4th, 2020 from Defendant
Boe. This document is relevant to: Count I, 1.2 - 1.7
and establishes the basis for the civil suit.

2. An appeal decision letter dated December 14, 2020 is att
ached to this declaration as Exhibit 2. This letter was cc'd
to the plaintiff on December 14, 2020 from Defendant Herzog.
This document is relevant to: Count four, 4.4 - 4.6

3. An "OFFENDERS KITE" dated 11/6/2020 was sent to
Defendant Boe from the plaintiff. Defendant Boe respond
ed to the plaintiff on 11/9/2020 and is attached to this dec
laration as Exhibit 3. This document is relevant to: Count
2 (II), 2.9 - 2.12. The request and response sections esta
help establish the inequality lacking Justification, no rational ba
sis, intentent intentional/differential treatment.

A. In the "REASON/QUESTION" section of this OFFO "OFFENDERS
KITE" The plaintiff writes: I recieved your notice on 11/4/2020
terminating terminating visitation with Melissa Mesa, I am respe
ctfully requesting that you re-instate them. The termination is
arbitrary, malicious & disciplinary in nature; without
affording me or her our rights to any fairness or impartiality
& thus is in violation of our due process & equal protection
rights against discrimination. What do you want, there's a
reason why you did this without Just Cause.

B. Defendant Boe's response is in the "RESPONSE" section
of this Kite and states: The termination letter includes a

Page 1 of 2

Path for appeal Ms. Mesa will need to send an appeal letter as directed for review by the Assistant Secretary of prisons.

C. This document also helps to establish circumstantial evidence of retaliation and is relevant to count III, 3.13

4. An "OFFENDERS KITE" dated 1/16/21 was sent to Defendant Boe from the plaintiff Defendant Boe's response to the plaintiff is dated 1/22/21. and is attached to this declaration as Exhibit 4. This document is relevant to count five, 5.2 - 5.4 and establishes that Defendant Boe denied the plaintiff his right to marry.

A. In the "REASON/QUESTION" section of this KITE the Plaintiff writes: Can Melissa Mesa and I begin our marriage process? If not, Can you explain why? - She told my mother that her paper work is ready, again.

B. In the "RESPONSE" section of this kite Defendant Boe responds: Currently your communication visits have been terminated with this visitor.

The documents mentioned in this declaration are relevant to counts and facts cited herein. Also, the documents may be relevant to other counts and facts as it may appear to this court.

Pursuant to U.S.C § 1746 I declare under the penalty of perjury that the facts stated in this declaration are true to my knowledge, and that the facts pg. 2 of 3

Stated on information and belief are true to the
best of my knowledge and belief.

Feb 20, 2021
Say Sulin Keodara

Exhibit 1



STATE OF WASHINGTON
## DEPARTMENT OF CORRECTIONS
### CLALLAM BAY CORRECTIONS CENTER
1830 Eagle Crest Way • Clallam Bay, WA 98326-9723 • (360) 203-1500
FAX (360) 203-1210

November 4, 2020

Ms. Melissa Mesa
25330 62nd Avenue South, #CC07
Kent, WA  98032

**SUBJECT:**   Keodara, Say DOC#367524

Ms. Mesa:

This is to notify you that I have received information that leads me to believe your interactions with incarcerated individual Keodara, Say DOC#367524 at Clallam Bay Corrections Center (CBCC) create a risk to the security and operation of our facility or any Department of Corrections (DOC) facility. In May 2020 it is believed that you, in concert with and at the direction of incarcerated individual Keodara, assisted, aided, and/or conspired to introduce contraband into CBCC.

As a result, under DOC Policies 450.300 *Visits for Incarcerated Individuals*, your visitation and video visitation privileges with DOC are being terminated immediately and permanently. Be advised you have the right to appeal this decision to the Assistant Secretary for Prisons, who has the final approval on visiting privilege appeals, at 7345 Linderson Way SW, Olympia, WA 98504-1118. If you choose to appeal this decision you must write a letter stating the reasons why you feel your visiting privileges should be reinstated and the circumstances surrounding the termination.

Further, under DOC Policies 450.100 *Mail for Individuals in Prison* and 450.200 *Telephone Use by Incarcerated Individuals* all forms of communication are hereby restricted immediately and permanently. This includes but is not limited to any telephonic, written, or electronic communication. Be advised that policy does not provide an option for appeal of the restriction of all communication. We understand and appreciate the positive influence that friends and family have on incarcerated individuals, but in some cases the restriction of communication is appropriate.

Sincerely,

Jeri Boe, Superintendent
Clallam Bay Corrections Center

JB:lp
cc:   Keodara, Say #367524                          CPM Newman
      All DOC Superintendents                        CUS Gross
      HQ Visitation Unit                             Counselor Irving
      CBCC IIU Case File                             Electronic File
      CBCC Mailroom Sgt. Stone

*"Working Together for SAFER Communities"*

recycled paper

Exhibit 2

STATE OF WASHINGTON
## DEPARTMENT OF CORRECTIONS
P.O. Box 41100 • Olympia, Washington 98504

December 14, 2020

Ms. Melissa Mesa
25330 62nd Avenue S., Apt. CC207
Kent, Washington 98032

Dear Ms. Mesa:

Thank you for your letter requesting that your termination be overturned to participate in the visit program with Say Keodara, DOC 367524

We understand and appreciate the positive influence that friends and family have on incarcerated individuals. The visiting program is an important part of our commitment to maintaining ties to family and friends for incarcerated individuals. However, in some cases, participation in this program is not appropriate.

Visitation is a privilege; as such, the Department has the authority to restrict/deny/suspend/ terminate visit privileges to any individual who may be a security concern. Policy 450.300, Visits for Incarcerated Individuals, states "Persons involved in attempting/conspiring to introduce, or aiding and abetting another to introduce contraband will have their visit privileges suspended or permanently terminated".

Based on records reviewed, due to safety and security concerns, the termination of visit privileges is appropriate and remains in place at this time. All avenues for appeal have been exhausted. Future correspondence regarding your visitation privileges, whether sent by you or by someone on your behalf, will not receive a response.

Sincerely,

Robert L. Herzog, Assistant Secretary
Prisons Division

RH:ch:DEP55454&55491

cc:     Mike Obenland, Deputy Director
        Jeri Boe, Superintendent
        Lori Lawson, Associate Superintendent
        Tanner Germeau, Visit Sergeant
        Leona Irving, Classification Counselor
        Say Keodara, DOC 367524
        Electronic File



*A 10*

**Department of**
**Corrections**
WASHINGTON STATE

**OFFENDER'S KITE**

*PAPELETA DE PETICIÓN DEL INTERNO*

OFFENDER NAME (PRINT) *NOMBRE DEL INTERNO (LETRA DE MOLDE)*

KEODARA, SAY

| DOC NUMBER/*NÚMERO DOC* | FACILITY, UNIT, CELL/*FACILITY IS INSTALACIÓN/UNIDAD, CELDA* | DATE/*FECHA* |
|---|---|---|
| 367524 | E·A·10 | 11/6/20 |

DESIRE INTERVIEW WITH OR ANSWER FROM/*DESEA ENTREVISTA CON O RESPUESTA DE*

superint. Jeri Boe

☐ Interpreter needed for_____ (language).
☐ *Necesito intérprete para_____ (idioma).*

**REASON/QUESTION**
*RAZÓN/PREGUNTA*

I recieved your notice on 11/4/2020 terminating visitation with Melissa Mesa. I am respectfully requesting that you re-instate them.

The termination is arbitrary, maliscious? disciplinary in nature without affording me or her ????? our rights to any fairness or imp-ar-tiality/?????? in violation of or due process ?equal protection rights against discrimination.

| SIGNATURE/*FIRMA* | DAYS OFF/*DÍAS LIBRES* |
|---|---|
| (signature) | NA. |

**RESPONSE**
*RESPUESTA*

The termination letter includes a path for appeal. Ms. Mesa will need to send an appeal letter as directed for review by the Assistant Secretary of Prisons.

What do you want, there's a reason why you did this without just cause.

Exhibit 4

*F*

*B3*

Department of
**Corrections**
WASHINGTON STATE

**OFFENDER'S KITE**

*PAPELETA DE PETICIÓN DEL INTERNO*

OFFENDER NAME (PRINT) *NOMBRE DEL INTERNO (LETRA DE MOLDE)*

heEONARA SAy

| DOC NUMBER/*NÚMERO DOC* | FACILITY, UNIT, CELL/*FACILITY IS INSTALACIÓN/UNIDAD, CELDA* | DATE/*FECHA* |
|---|---|---|
| 367 524 | | 1 16 21 |

DESIRE INTERVIEW WITH OR ANSWER FROM/*DESEA ENTREVISTA CON O RESPUESTA DE*

Superintendent Jeri Boe

☐ Interpreter needed for_____ (language).
☐ *Necesito intérprete para_____ (idioma).*

**REASON/QUESTION**
*RAZÓN/PREGUNTA*

CAN Melissa Mesa and

I begin our marriage process?

If NOT, Can you explain

Why — she told my mother that

her paper work is ready again

SIGNATURE/*FIRMA*                DAYS OFF/*DÍAS LIBRES*  N/A

**RESPONSE**
*RESPUESTA*

Currently your Communication-
Visits have been terminated with
this Visitor.

RESPONDER/*PERSONA QUE RESPONDE*          DATE/*FECHA*

Pertaining to facts ~~set forth~~
Set forth in this Civil Suit.

Pursuant to 28 U.S.C § 1746 I declare under the penalty of perjury that the following is true and correct.

1. The following DOC policy(s) and Attachment was issued to the plaintiff upon his request by the IMU property officer c/o H. These documents support facts in the plaintiff's Civil suit.

2. DOC policy 460.000 Disciplinary Process for prisons is attached to this declaration as Exhibit 5.

Doc Policy 460.000

A. Page 6 of 15 IV. Serious Infraction Procedure, Section: A.1,2,a. is relevant to Count I, 1.13, 1.14, 1.17 as well as Count II, ~~2 to~~ 2.4,

B. Page ~~6~~ 5 and 6 of 15, III. General Infraction procedure Section: H. and Page 6 of 15, IV. Serious Infraction procedure. Section: H.3. is relevant to Count 2.5

C. Page 2 of 15 POLICY: I., Page 6 of 15 IV. A, Page 7 of 15, C., Page 9 of 15 H.3 is relevant to Count II, 2.6

3. Doc policy 460.050 Disciplinary Sanctions is attached to this declaration as Exhibit 6.

Doc policy 460.050

A. Page 2 of 6, II., Page 3 of 6 section: 3 is relevant ~~to~~ to Count I, ~~1.18~~ 1.18

4. ~~B.~~ ~~Doc policy 460~~ Attachment 2 Prison Sanctioning Guidelines is attached to this declaration as Exhibit 7.

Attachment 2 prison Sanct. Guid.

A. Page 2 of 8 is relevant to: Count I, 1.7, 1.18, Count II, 2.5, Count four, 4.9

The following Washington Administrative Codes (WAC) were copied by the plaintiff from the CBCC IMU Law Library (Law Librarian does not print them)

5. WAC 137-28-270 Serious Infraction Procedure is attached to this declaration as Exhibit 8

WAC 137-28-270 (SIP)

A. Criteria (1), (2) is relevant to: Count I, 1.13, 1.14, 1.18, Count II, 2.4, 2.6.

6. WAC 137-28-285 offender rights is attached to this declaration as Exhibit 8

WAC 137-28-285 (OR)

A. Criteria (1), (a), (b) are relevant to: ~~feet~~ Count I, 1.7, 1.18, ~~or~~ count II, 2.5, Count four, 4.8.

7. WAC 137-28-350 Sanctions Authority to impose is attached to this declaration as Exhibit 8

WAC 137-28-350 (SA to I)

A. Criteria (1) is relevant to: Count I, 1.7, 1.18, Count II, 2.5, Count four 4.8.

8. DOC policy 450.300 Visits for Incarcerated Individuals ~~is at~~ Was issued to this plaintiff upon his request by IMU property officer C/O H and is attached to this declaration as Exhibit 9.

DOC 450.300 (V for II)

A. Page 10 of 12, IX. Denial, Suspension, or termi

Page 2 of 3

nation of Visits, & B. 1., 2. is relevant to count four, 4.5 ; 4.7.

B. Page 10 of 12. 1X Denial, suspension, or termination of Visitation, A. 1. is relevant to: Count four, 4.8 & C. Page 12 of 12. B. is relevant to: count four, 4.15.

The documents mentioned in this declaration are relevant to counts and facts cited herein. Also, the documents may be relevant to other counts and facts as it may appear to this Court.

Pursuant to U.S.C 1746 I declare under the penalty of perjury that the facts in this declaration are true to my knowledge and that the facts stated on information and belief are true to the best of my knowledge and belief.

Feb 20, 2021
Say Silin, Keodara
S Keodara

Page 3 of 3

Exhibit 5



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY<br>**PRISON**<br>OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | **REVISION DATE**<br>6/1/18 | **PAGE NUMBER**<br>1 of 15 | **NUMBER**<br>**DOC 460.000** |
| **POLICY** | **TITLE**<br>**DISCIPLINARY PROCESS FOR PRISONS** | | |

## REVIEW/REVISION HISTORY:

Effective:    11/5/99 DOC 461.000
Revised:      7/17/06 DOC 460.000
Revised:      12/11/06 AB 06-015
Revised:      9/24/07
Revised:      1/23/09
Revised:      12/6/10
Revised:      1/1/11
Revised:      9/24/12
Revised:      1/8/16
Revised:      6/1/18

## SUMMARY OF REVISION/REVIEW:

Major changes to include moving information to DOC 460.050 Disciplinary Sanctions, adding exceptions for alternate Hearing Officers, adding procedures for mental health recommendations for sanctions, and updating training requirements.  Read carefully!

## APPROVED:

Signature on file

_____
**STEPHEN SINCLAIR**, Secretary
Department of Corrections

5/15/18
_____
Date Signed



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | **REVISION DATE** 6/1/18 | **PAGE NUMBER** 2 of 15 | **NUMBER** DOC 460.000 |
| **POLICY** | **TITLE** DISCIPLINARY PROCESS FOR PRISONS | | |

**REFERENCES:**

DOC 100.100 is hereby incorporated into this policy; RCW 2.43.050; RCW 72.09.130; WAC 137-25; WAC 137-28; ACA 4-4227; ACA 4-4229; ACA 4-4230; ACA 4-4231; ACA 4-4233; ACA 4-4234; ACA 4-4236; ACA 4-4237; ACA 4-4238; ACA 4-4239; ACA 4-4240; ACA 4-4242; ACA 4-4243; ACA 4-4244; ACA 4-4245; ACA 4-4246; ACA 4-4247; ACA 4-4248; ACA 4-4252; DOC 280.510 Public Disclosure of Records; DOC 300.010 Offender Behavior Observation; DOC 320.100 Indeterminate Sentence Review Board (ISRB); DOC 350.240 Ten Day Release; DOC 420.375 Contraband and Evidence Handling; DOC 450.500 Language Services for Limited English Proficient (LEP) Offenders; DOC 460.050 Disciplinary Sanctions; DOC 470.150 Confidential Offender Information; DOC 580.655 Special Drug Offender Sentencing Alternative; DOC 690.400 Offenders with Disabilities; Records Retention Schedule; WAC Handbook; WAC Violation Guidelines

**POLICY:**

I.     [4-4227]  The Department has established procedures to identify and address offender misconduct and govern progressive offender discipline in Prisons.  WAC 137-25, WAC 137-28, and DOC 460.050 Disciplinary Sanctions will be followed to maintain facility order and security and to support respect for rules and the rights of others.

II.    Offenders are responsible for their own behavior and will be held accountable when violating rules and regulations.

III.   Offenders will have access to disciplinary rules, policies, and procedures, including their rights and responsibilities, acts prohibited in the facility, and disciplinary action that may be taken as a result of misconduct.

**DIRECTIVE:**

I.     General Requirements

       A.     Disciplinary hearings should be held in the facility where the alleged violation(s) occurred.  When the offender is transferred before a hearing is conducted, the infraction report will be scanned/emailed and the infraction packet will be mailed to the receiving facility.

              1.     Confidential information will be handled per DOC 470.150 Confidential Offender Information.

              2.     Evidence will be processed per DOC 420.375 Contraband and Evidence Handling.



| | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | REVISION DATE 6/1/18 | PAGE NUMBER 3 of 15 | NUMBER DOC 460.000 |
| **POLICY** | TITLE    DISCIPLINARY PROCESS FOR PRISONS | | |

B.　An offender will not be placed on disciplinary segregation before a hearing with the Disciplinary Hearing Officer.  [4-4252]

II.　Responsibilities

A.　The Prisons Disciplinary Program Manager will oversee the Prison disciplinary process and serve as a liaison to facilities.

B.　Superintendents will determine Disciplinary Hearing Officer, Hearing Clerk, and Infraction Review Officer assignments.  Employees may not fill Disciplinary Hearing Officer and Infraction Review Officer roles for the same violation.

　　1.　Disciplinary Hearing Officers

　　　　a.　Disciplinary Hearing Officers must have the rank of Lieutenant, Correctional Unit Supervisor (CUS), or Corrections Specialist 2 or higher.

　　　　　　1)　CUSs will be delegated as primary Disciplinary Hearing Officers for Category D serious violation hearings.

　　　　　　2)　Sergeants may be delegated as Disciplinary Hearing Officers for general infraction hearings only.

　　　　b.　Alternate Disciplinary Hearing Officers will not:

　　　　　　1)　Conduct Prison Rape Elimination Act (PREA)-related hearings, except when authorized by the Superintendent/ designee to meet hearing timeframe requirements when the primary Disciplinary Hearing Officer is absent from the facility.

　　　　　　2)　Act on general violation appeals, unless:

　　　　　　　　a)　Approved by the Superintendent/designee when the primary Disciplinary Hearing Officer is absent from the facility, or

　　　　　　　　b)　The primary Disciplinary Hearing Officer conducted the hearing that is being appealed.

　　2.　Infraction Review Officers



| | APPLICABILITY<br>**PRISON**<br>OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| STATE OF WASHINGTON<br>DEPARTMENT OF CORRECTIONS | REVISION DATE<br>6/1/18 | PAGE NUMBER<br>4 of 15 | NUMBER<br>**DOC 460.000** |
| **POLICY** | TITLE<br>**DISCIPLINARY PROCESS FOR PRISONS** | | |

    a.    Serious Infraction Review Officers must have the rank of Lieutenant, CUS, Chief Investigator 3, Investigator 2, Corrections Specialist 2 or higher.

        1)    Serious Infraction Review Officer responsibilities may be delegated to Sergeants at stand-alone Level 2 facilities.

    b.    General Infraction Review Officers must have the rank of Sergeant or higher.

    c.    Intelligence and Investigation Unit investigators will complete infraction reviews for infraction reports that include:

        1)    Confidential information, and/or

        2)    A violation(s) for or reference to any unauthorized club, organization, gang, or security threat group.

    d.    Infraction Review Officers will assess and evaluate the accuracy of the infraction packet, which includes:

        1)    Verifying the incident,
        2)    Confirming the appropriateness of the violation(s) charged,
        3)    Ensuring the thoroughness of the information in the packet, and

        4)    Verifying that the supporting documents are included and that all evidence was collected, photographed, and handled correctly.

C.    The Superintendent may delegate serious violation appeal review responsibilities to:

    1.    An Associate Superintendent in major facilities (i.e., Level 3 or higher).

    2.    A Correctional Program Manager in stand-alone Level 2 facilities.

D.    All disciplinary hearings will be conducted by an impartial Disciplinary Hearing Officer, who will not conduct hearings when they have direct personal involvement in the violation(s) being considered.

    1.    When an alternate Disciplinary Hearing Officer is required due to a conflict of interest or impartiality concerns, s/he will notify the Superintendent/ designee, who will select and authorize the alternate.



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/1/18 | PAGE NUMBER 5 of 15 | NUMBER **DOC 460.000** |
| **POLICY** | TITLE **DISCIPLINARY PROCESS FOR PRISONS** | | |

III.   General Infraction Procedures  [4-4230]

    A.   Employees/contract staff who observe or become aware of an act of offender misconduct that constitutes a general violation per WAC 137-28-220 will:

        1.   Address the behavior as an onsite adjustment and document it in a Behavior Observation Entry (BOE) per DOC 300.010 Offender Behavior Observation, or

        2.   If the behavior is not addressed through an onsite adjustment, or is progressive or repetitive in nature, complete and submit DOC 17-070 General Infraction Report, including a description of the incident and specific rule(s) violated.  [4-4236]

    B.   [4-4236]  The offender will be served DOC 17-070 General Infraction Report notifying him/her of the date, time, and place of the hearing not less than 24 hours before the hearing.  [4-4238]

        1.   Offenders may waive their appearance to attend the hearing.

        2.   Failure to attend without cause will be considered refusing attendance.

    C.   General infraction hearings will be conducted within 5 business days of service of the infraction report and may be held within 24 hours with the offender's written consent on DOC 17-070 General Infraction Report.

        1.   Hearing extensions may be requested and granted using DOC 17-073 General Infraction Hearing Extension.  Extensions of more than 3 business days require approval from the primary Disciplinary Hearing Officer.

    D.   General infraction hearings will not be audio recorded.  Written hearing documentation will be retained per the Records Retention Schedule.

    E.   Offenders may request a Department advisor or Department interpreter if they are unable to read, speak, or understand English per DOC 450.500 Language Services for Limited English Proficient (LEP).

    F.   The Disciplinary Hearing Officer will only consider the evidence presented at the hearing.  [4-4244]

    G.   The hearing decision and supporting reasons will be documented in the electronic file and on DOC 17-070 General Infraction Report.  [4-4245] A copy of the report will be provided to the offender.



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/1/18 | PAGE NUMBER 6 of 15 | NUMBER **DOC 460.000** |
| **POLICY** | TITLE **DISCIPLINARY PROCESS FOR PRISONS** | | |

H. If the Disciplinary Hearing Officer determines that an offender is guilty, sanctions may be imposed per WAC 137-28, DOC 460.050 Disciplinary Sanctions, and other applicable policies.

    1. Sanctions will be documented on DOC 17-085 Sanction Notification.

I. Offenders may appeal the decision and/or sanctions for a guilty finding within 2 business days of receiving the decision.

    1. Appeals will be submitted using DOC 17-074 Disciplinary Hearing Appeal, including the reason s/he believes the action taken was incorrect and the desired relief.

        a. DOC 17-077 Offender Appeal Receipt will be issued in response.

    2. Sanctions will not be stayed pending an appeal.

    3. The Disciplinary Hearing Officer will act on the appeal within 10 business days of receipt unless extended by the Superintendent. The severity of the sanction will not be increased.

    4. The offender will be notified of the decision on DOC 17-084 General Infraction Appeal Decision within 3 business days unless extended by the Superintendent.

IV. Serious Infraction Procedures

A. [4-4233] Employees/contract staff who observe or become aware of an act of offender misconduct that constitutes a serious violation per WAC 137-25-030 will submit DOC 17-076 Initial Serious Infraction Report, including a description of the incident and clearly stating how the specific rule(s) was violated.

    1. Employees/contract staff will submit DOC 17-069 Infraction Review Checklist when completing the report, including any supporting documents/evidence and a summary of confidential information.

    2. Reports and documentation will be submitted and processed in a timely manner (i.e., as soon as time allows following the violation(s), by the end of shift, upon completion of investigation).

        a. Reports may be submitted as the result of an investigation. The completion of the investigation will be considered time of discovery for the violation.



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | **REVISION DATE** 6/1/18 | **PAGE NUMBER** 7 of 15 | **NUMBER** DOC 460.000 |
| **POLICY** | **TITLE** **DISCIPLINARY PROCESS FOR PRISONS** | | |

      3.    Prison Drug Offender Sentencing Alternative (DOSA) 762 violations will follow the violation process per DOC 580.655 Special Drug Offender Sentencing Alternative.

      4.    Employees will immediately notify the Indeterminate Sentence Review Board (Board) for offenders under Board jurisdiction with a scheduled release date, who have committed a serious violation per DOC 320.100 Indeterminate Sentence Review Board (ISRB).

B.    Investigation results will be documented on DOC 02-077 Investigation Report per DOC 470.150 Confidential Offender Information.

      1.    Infraction Review Officers will document the date and time an investigation was initiated on DOC 17-069 Infraction Review Checklist.  [4-4234]

      2.    DOC 21-425 Shift Commander/Unit Supervisor Use of Force Report will not be submitted with DOC 17-076 Initial Serious Infraction Report.

C.    [4-4236]  The offender will be notified of the date, time, and place of the hearing and served DOC 05-093 Disciplinary Hearing Notice/Appearance Waiver not less than 24 hours before the hearing, including DOC 17-076 Initial Serious Infraction Report, supporting non-confidential documents, and summaries of supporting evidence and any confidential information.  [4-4238]

D.    The Hearing Clerk will schedule the hearing to be held within 5 business days of service.

      1.    The hearing may be held within 24 hours of service with the offender's written consent on DOC 05-093 Disciplinary Hearing Notice/Appearance Waiver.

      2.    If the offender is in segregation, the hearing will be held within 3 business days of service, unless a continuance is granted.  [4-4238]

E.    Offenders may request a Department advisor or Department interpreter if they are unable to read, speak, or understand English per DOC 450.500 Language Services for Limited English Proficient (LEP).

F.    Per DOC 350.240 Ten Day Release, hearings for Category A or B serious violations will be expedited for releasing offenders eligible for 10 day release.

G.    Conduct of Hearing



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/1/18 | PAGE NUMBER 8 of 15 | NUMBER **DOC 460.000** |
| **POLICY** | TITLE **DISCIPLINARY PROCESS FOR PRISONS** | | |

1. Before the hearing begins, the Disciplinary Hearing Officer will ensure interpreters provide their qualifications and state their name and whether they are a certified or registered interpreter on the record per RCW 2.43.050.

2. The offender will be present at the hearing unless waived on DOC 05-093 Disciplinary Hearing Notice/Appearance Waiver, or s/he displays disruptive behavior during the hearing. [4-4237]

   a. If s/he refuses/waives attendance, the Disciplinary Hearing Officer will be notified both verbally and on DOC 17-071 Disciplinary Hearing Offender Refusal/Waiver of Attendance.

      1) Failure to attend without cause will be considered refusing attendance.

   b. The Disciplinary Hearing Officer will document the offender's absence and reason(s) on DOC 21-312 Disciplinary Hearing Minutes and Findings. [4-4237]

3. [4-4241] An offender may be excluded during the testimony of any employee, contract staff, volunteer, or offender whose testimony must be given in confidence. The Disciplinary Hearing Officer will ensure the offender's exclusion is documented on DOC 17-072 Disciplinary Hearings Review of Confidential Information Checklist.

4. [4-4242] The offender will have the opportunity to make a statement, present documentary evidence at the hearing, and request witnesses on his/her behalf.

   a. Written statements will be submitted on DOC 05-094 Witness Statement.

   b. The Disciplinary Hearing Officer will document the reason(s) for denying a request on DOC 21-312 Disciplinary Hearing Minutes and Findings.

   c. Any continuance/interruption to the hearing lasting longer than 24 hours requires completion of DOC 20-167 Continuance/ Postponement of Decision of Disciplinary Hearing and will be documented in the Prison Discipline screen in the electronic file.

5. [4-4240] Category A, B, and C infraction hearings will be audio recorded and retained per the Records Retention Schedule.



| STATE OF WASHINGTON<br>DEPARTMENT OF CORRECTIONS | APPLICABILITY<br>**PRISON**<br>OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE<br>6/1/18 | PAGE NUMBER<br>9 of 15 | NUMBER<br>**DOC 460.000** |
| **POLICY** | TITLE<br>**DISCIPLINARY PROCESS FOR PRISONS** | | |

H.   Disciplinary Hearing Officer Decision

　　1.   All evidence presented at the hearing must be reviewed and considered. [4-4244]

　　2.   Hearing proceedings, including the hearing decision and supporting reasons, will be documented in the electronic file and on DOC 21-312 Disciplinary Hearing Minutes and Findings, and scanned into the electronic imaging file. A copy of the minutes and findings will be given to the offender. [4-4245]

　　　　a.   DOC 21-312A Disciplinary Hearing Minutes and Findings Continuation Sheet may be used, as necessary.

　　　　b.   The infraction report and non-confidential supporting documents will be scanned into the electronic imaging file and filed in the central file upon completion of the hearing process.

　　　　c.   A copy of the non-redacted infraction report and supporting documentation will be maintained in the Disciplinary Hearing Office per the Records Retention Schedule.

　　3.   If the Disciplinary Hearing Officer determines that the offender is guilty, s/he may impose sanctions per WAC 137-28, DOC 460.050 Disciplinary Sanctions, and other applicable policies.

　　　　a.   Sanctions imposed will be documented on DOC 17-085 Sanction Notification.

　　　　b.   Sanctions that include restitution will be documented on DOC 05-363 Restitution Review.

　　　　c.   Offenders sanctioned to disciplinary segregation will receive credit against the sanction for time served in segregation for that violation(s).

　　　　d.   The Disciplinary Hearing Officer will ensure mental health employees/contract staff at the hearing have the opportunity to recommend sanctions.

　　　　e.   If mental health employees/contract staff have concerns relating to a sanction(s) imposed after the conclusion of the hearing, s/he may:



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/1/18 | PAGE NUMBER 10 of 15 | NUMBER **DOC 460.000** |
| **POLICY** | TITLE **DISCIPLINARY PROCESS FOR PRISONS** | | |

        1)     Contact the Disciplinary Hearing Officer and the Superintendent/designee to consider a sanction change(s), or

        2)     Submit concerns/recommendations to the Director of Mental Health for review/consideration.

4.     If the offender is found guilty and under Board jurisdiction, the Board will be notified in writing, including supporting documentation and a recommendation, per DOC 320.100 Indeterminate Sentence Review Board (ISRB).

5.     When the offender is found guilty of only some of the rule violations originally charged, the record will clearly describe the violation(s) for not guilty findings and the charges will be redacted from the infraction report.

6.     [4-4246] When all rule violations in the infraction report are dismissed or the offender is found not guilty of any violations during a hearing, no records pertaining to the violation(s) will be placed in the central file.

        a.     The Disciplinary Hearing Officer may retain the records for statistical, litigation, and recordkeeping purposes.

7.     When all charges have been expunged, the infraction record will be cleared/removed from the:

        a.     Central file and mailed to the Disciplinary Hearings Coordinator to retain for statistical, litigation, and recordkeeping purposes.

        b.     Electronic imaging file and the Infraction Summary in the electronic file.

I.     [4-4248]  Appeals

1.     An offender may appeal the Disciplinary Hearing Officer's decision and/or sanctions to the Superintendent/designee within 15 business days.

        a.     An offender cannot appeal a finding of guilt when s/he has pled guilty to the violation(s).

        b.     Sanctions will not be stayed pending an appeal.

2.     Appeals will be submitted to the Disciplinary Hearing Officer on DOC 17-074 Disciplinary Hearing Appeal, including the reason(s) why the offender



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/1/18 | PAGE NUMBER 11 of 15 | NUMBER **DOC 460.000** |
| **POLICY** | TITLE **DISCIPLINARY PROCESS FOR PRISONS** | | |

believes the finding(s) and action(s) taken was incorrect and specify the desired relief.

    a.    DOC 17-077 Offender Appeal Receipt will be issued in response.

3.    Appeals will be immediately forwarded to the Superintendent/designee.

    a.    Appeals of findings or sanctions imposed for PREA-related violations will be submitted to the Prisons Command B Deputy Director.

4.    The Superintendent/designee will act on the appeal within 10 business days of receipt by:

    a.    Affirming the decision and/or sanction(s),
    b.    Affirming the decision and reducing the sanction(s),
    c.    Dismissing/modifying downward the decision and the sanction(s),
    d.    Reversing/vacating the decision, or
    e.    Remanding the matter for a new hearing.

        1)    The severity of the original sanction may not be increased.

5.    The offender will be promptly notified of the decision on DOC 09-197 Disciplinary Hearing Appeal Decision.  The decision will be final.

J.    [4-4239] Continuances

1.    At any time during the hearing process, the Disciplinary Hearing Officer may continue the hearing for any reason, including:

    a.    To determine the offender's mental status or competency,
    b.    To appoint a Department advisor,
    c.    To obtain an interpreter,
    d.    To obtain witness(es) or witness statement(s),
    e.    To correct errors,
    f.    To obtain an alternate Disciplinary Hearing Officer,
    g.    To obtain crime lab reports or other documentation,
    h.    The witness(es) is temporarily unavailable,
    i.    To determine restitution costs,
    j.    The offender is unavailable (e.g., on escape status, court ordered custody, in transit to a non-Department facility),



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/1/18 | PAGE NUMBER 12 of 15 | NUMBER **DOC 460.000** |
| **POLICY** | TITLE **DISCIPLINARY PROCESS FOR PRISONS** | | |

        k.     A reasonable request by the offender. Denials will be documented by the Disciplinary Hearing Officer on DOC 21-312 Disciplinary Hearing Minutes and Findings and on the record, or

        l.     Due to unacceptable behavior by the offender, or the offender's refusal to participate in a reasonable manner.

   2.   Continuances will be for no longer than necessary, and not exceed 20 business days unless approved by the Superintendent.

        a.     For offenders housed in segregation, continuances may be granted for up to 5 business days.

        b.     For offenders who are unavailable, only one continuance is required until the offender returns to Department jurisdiction.

            1)     The hearing may be continued up to 20 business days after his/her return to Department jurisdiction.

   3.   The Disciplinary Hearing Officer will complete DOC 20-167 Continuance/ Postponement of Decision of Disciplinary Hearing when a continuance is required and appropriately document the hearing status in the electronic file.

K.   Hearing Reviews

   1.   The Superintendent/designee will sign DOC 20-051 Serious Infraction Report and conduct a review of all hearings and dispositions to ensure conformity with policy, WAC 137-25, and WAC 137-28. [4-4247]

        a.     In major facilities, the Superintendent may delegate hearing review responsibilities to an Associate Superintendent.

        b.     In stand-alone Level 2 facilities, the Superintendent may delegate hearing review responsibilities to the Correctional Program Manager.

V.   Reporting to Law Enforcement

A.   The Superintendent should report any felony under state or federal law committed in a facility to local law enforcement. [4-4231]

B.   Offenders may be referred for prosecution for persistent Prison misbehavior when found guilty of a serious violation that is not a Class A or B felony after



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/1/18 | PAGE NUMBER 13 of 15 | NUMBER **DOC 460.000** |
| **POLICY** | TITLE **DISCIPLINARY PROCESS FOR PRISONS** | | |

losing all potential earned release time credits per DOC 460.050 Disciplinary Sanctions.

VI.  [4-4243]  Department Advisors

    A.  An employee or Department representative who did not observe or investigate the violation may be appointed as a Department advisor to help an offender prepare for and participate in a disciplinary hearing.

    B.  The Disciplinary Hearing Officer will ensure a Department advisor is appointed when it is apparent that the offender is not capable of preparing his/her defense, understanding the disciplinary process and charges, and/or collecting and presenting evidence effectively.  The need for a Department advisor may be determined during any stage of the disciplinary process.

        1.  Criteria to consider will include, but not be limited to:

            a.  The offender's literacy,

            b.  The complexity of the issue(s),

            c.  The offender's overall ability to speak for him/herself and adequately present his/her case,

            d.  The offender's mental status, as determined by a mental health professional or other employee with mental health training or experience,

            e.  The offender's ability to communicate in English, and

            f.  Any disability that might impair the offender's ability to adequately defend him/herself.

        2.  The appointment will be reported to the Disciplinary Hearing Office, appropriately documented, and clearly stated on the record.

    C.  The Department advisor will not provide legal advice or counsel, and information shared with the Department advisor is not privileged.

    D.  A list of trained Department advisors will be maintained by the Superintendent.

VII.  Offender Requests for Access to Disciplinary Hearing Audio Records

    A.  At the conclusion of a disciplinary hearing, an offender may submit a written request to the Disciplinary Hearing Office to listen to their hearing, free of charge.



| | STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|---|
| | | REVISION DATE 6/1/18 | PAGE NUMBER 14 of 15 | NUMBER **DOC 460.000** |
| | **POLICY** | TITLE **DISCIPLINARY PROCESS FOR PRISONS** | | |

1. The audio will be forwarded to the law library or designated employee/contract staff for offender review and documented on DOC 17-088 Disciplinary Hearing Audio Request Log.

B. Copies of hearing audio recordings will be requested per DOC 280.510 Public Disclosure of Records.

C. Hearing audio recordings will not be transcribed for offenders by Disciplinary Hearing Office employees. Deaf and hard of hearing offenders may request transcription accommodation by contacting the facility ADA Coordinator per DOC 690.400 Offenders with Disabilities.

VIII. Training

A. The Training and Development Unit will ensure new employees are provided training on disciplinary procedures, including rules of offender conduct, the rationale for the rules, and available sanctions to impose as needed. [4-4229]

B. The Prison Disciplinary Program Manager will provide Disciplinary Hearing Officer training quarterly or as needed. This training is required for newly appointed Disciplinary Hearing Officers, Serious Infraction Review Officers, and Department advisors.

1. Employees assigned to conduct serious infraction hearings or as Serious Infraction Review Officers will attend the next scheduled Disciplinary Hearing Officer training.

C. The Superintendent will ensure employees are provided additional ongoing training on disciplinary procedures, as needed. [4-4229]

1. Training will include familiarity with local rules and procedures, WAC 137-25, WAC 137-28, and applicable policies.

D. The Prison Disciplinary Program Manager and the Attorney General's Office will provide additional training, as needed.

E. Appropriate employees will be notified of modifications to applicable policies, operational memorandums, WAC 137-25, WAC 137-28, WAC Handbook, and the WAC Violation Guidelines.

F. Employees who have not conducted a serious infraction hearing within the last 12 months will be required to demonstrate competency through a period of observations and review with the primary Disciplinary Hearing Officer(s).



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | **REVISION DATE** 6/1/18 | **PAGE NUMBER** 15 of 15 | **NUMBER** **DOC 460.000** |
| **POLICY** | **TITLE** **DISCIPLINARY PROCESS FOR PRISONS** | | |

1. A current list of employees eligible for conducting serious infraction hearings will be maintained by primary Disciplinary Hearing Officers.

**DEFINITIONS:**

Words/terms appearing in this policy may be defined in the glossary section of the Policy Manual.

**ATTACHMENTS:**

None

**DOC FORMS:**

DOC 02-077 Investigation Report  [4-4234]
DOC 05-093 Disciplinary Hearing Notice/Appearance Waiver  [4-4236]
DOC 05-094 Witness Statement
DOC 05-363 Restitution Review
DOC 09-197 Disciplinary Hearing Appeal Decision
DOC 17-069 Infraction Review Checklist
DOC 17-070 General Infraction Report
DOC 17-071 Disciplinary Hearing Offender Refusal/Waiver of Attendance
DOC 17-072 Disciplinary Hearings Review of Confidential Information Checklist
DOC 17-073 General Infraction Hearing Extension
DOC 17-074 Disciplinary Hearing Appeal
DOC 17-076 Initial Serious Infraction Report  [4-4233] [4-4236]
DOC 17-077 Offender Appeal Receipt
DOC 17-084 General Infraction Appeal Decision
DOC 17-085 Sanction Notification
DOC 17-088 Disciplinary Hearing Audio Request Log
DOC 20-051 Serious Infraction Report
DOC 20-167 Continuance/Postponement of Decision of Disciplinary Hearing
DOC 21-312 Disciplinary Hearing Minutes and Findings  [4-4236] [4-4245]
DOC 21-312A Disciplinary Hearing Minutes and Findings Continuation Sheet
DOC 21-425 Shift Commander/Unit Supervisor Use of Force Report

Exhibit 6



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER MANUALS | | |
|---|---|---|---|
| | REVISION DATE 1/1/19 | PAGE NUMBER 1 of 6 | NUMBER **DOC 460.050** |
| **POLICY** | TITLE **DISCIPLINARY SANCTIONS** | | |

## REVIEW/REVISION HISTORY:

| | |
|---|---|
| Effective: | 11/6/95 DOC 320.150 |
| Revised: | 11/5/99 |
| Revised: | 9/16/02 |
| Revised: | 2/14/03 |
| Revised: | 6/18/03 |
| Revised: | 3/26/04 |
| Revised: | 10/3/05 |
| Revised: | 12/11/06 |
| Revised: | 3/29/07 AB 07-010 |
| Revised: | 3/11/08 |
| Revised: | 8/4/08 |
| Revised: | 3/17/09 |
| Revised: | 1/24/11 |
| Revised: | 12/1/12 |
| Revised: | 4/1/13 |
| Revised: | 7/1/14 |
| Revised: | 1/12/15 |
| Revised: | 1/8/16 DOC 460.050 |
| Revised: | 6/1/18 |
| Revised: | 1/1/19 |

## SUMMARY OF REVISION/REVIEW:

Attachment 1 and 2 - Added language for clarification

## APPROVED:

**STEPHEN SINCLAIR**, Secretary
Department of Corrections

Date Signed



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER MANUALS | | |
|---|---|---|---|
| | REVISION DATE 1/1/19 | PAGE NUMBER 2 of 6 | NUMBER **DOC 460.050** |
| **POLICY** | TITLE **DISCIPLINARY SANCTIONS** | | |

## REFERENCES:

DOC 100.100 is hereby incorporated into this policy; RCW 9.94.010; RCW 9.94.070; RCW 9.94A.645; RCW 72.09.130; RCW 72.09.500; WAC 137-24; WAC 137-25; WAC 137-28; WAC 137-48-020; ACA 4-4226; ACA 4-4228; ACA 4-4255; DOC 460.000 Disciplinary Process for Prisons; DOC 490.860 Prison Rape Elimination Act (PREA) Investigation; DOC 540.105 Recreation Program for Offenders

## POLICY:

I.    The Department has established written rules of offender conduct that specify acts prohibited within the facility and penalties that will be imposed for various degrees of violation. [4-4226]

II.   The Department will conduct hearings for general and serious violations per WAC 137-25, WAC 137-28, and DOC 460.000 Disciplinary Process for Prisons.

III.  Sanctions are intended to impact and guide offender behavior rather than to punish, and will be determined based on the circumstances, seriousness of the offense, and offender's previous conduct record.

## DIRECTIVE:

I.    General Requirements

    A.    The Disciplinary Hearing Officer will determine the appropriate sanction(s) when an offender is found guilty of a violation.

        1.    The following will be used to determine appropriate sanctions: [4-4226] [4-4228] [4-4255]

            a.    Disciplinary Violations for Prison and Work Release (Attachment 1) provides the categories and levels of violations, including loss of classification points.

            b.    Prison Sanctioning Guidelines (Attachment 2) provides guidelines for imposing sanctions based on the number and frequency of violations received during a designated time period.

        2.    The offender's disciplinary record, prior conduct, mental status, overall facility adjustment, and employee/contract staff recommendations may be considered.



| | APPLICABILITY **PRISON** OFFENDER MANUALS | | |
|---|---|---|---|
| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | REVISION DATE 1/1/19 | PAGE NUMBER 3 of 6 | NUMBER **DOC 460.050** |
| **POLICY** | TITLE    **DISCIPLINARY SANCTIONS** | | |

3. For any offense, up to the maximum sanction allowed may be imposed per WAC 137-28-240, WAC 137-28-350, and Attachment 2, regardless of whether it is a first or subsequent offense.

B. For all but the most serious violations, Disciplinary Hearing Officers are encouraged to use alternative sanctions (e.g., loss of privileges, extra duty, change in housing assignment) in lieu of extending the offender's Earned Release Date.

C. If more than one violation arises out of a single incident, the Disciplinary Hearing Officer should be guided by the sanction range for the most serious category of offense with a finding of guilt listed on the infraction report.

D. Suspended sanctions may be imposed if the offender is found guilty of a violation or for violating conditions of the original sanction. Mandatory sanctions will not be suspended or revoked.

   1. The sanction may be suspended for a fixed period of time, not to exceed 365 days, subject to good behavior or meeting other imposed conditions.

   2. If the offender's subsequent behavior is appropriate, the Disciplinary Hearing Officer may revoke the sanction at or before the end of the fixed time period.

E. The Disciplinary Hearing Officer may reduce/modify downward any previously imposed sanction.

II. Loss of Privileges

A. Loss of privilege sanctions include, but are not limited to:

   1. Denial of attendance at special events
   2. Denial of participation in offender organization functions
   3. Removal from waiting lists for work or other program assignments
   4. Loss of:

      a. Visitation
      b. Recreation
      c. Fee-based recreation
      d. Telephone
      e. Television/radio
      f. Mobile electronic device and other electronic media
      g. Commissary privileges, which may be limited with the exception of indigent items and postage



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER MANUALS | | |
|---|---|---|---|
| | REVISION DATE 1/1/19 | PAGE NUMBER 4 of 6 | NUMBER **DOC 460.050** |
| **POLICY** | TITLE **DISCIPLINARY SANCTIONS** | | |

    h.    Library privileges, excluding law library when a documented court deadline has been imposed

    i.    Dayroom access

    j.    Personal property, which may be limited

    k.    Housing assignment

    l.    Packages

    m.    In-cell hobby

    n.    Hobby craft

    o.    Weightlifting

III.    Loss of Good Conduct Time Credits

    A.    If the Disciplinary Hearing Officer decides the circumstances of an offense require a sanction beyond the maximum range for loss of good conduct time per Attachment 2, s/he will submit a written recommendation to the Superintendent.

        1.    Sanction recommendations for loss of good conduct time in excess of the guidelines established must have final approval by the Assistant Secretary for Prisons.

IV.    Loss of Earned Time Credits

    A.    An offender serving a sentence for an offense committed on or after August 1, 1995:

        1.    May have earned time credits taken away as part of a disciplinary sanction if s/he has lost all good conduct time credits for the current commitment.

        2.    May have earned or future Earned Release Time (ERT) credits reduced.

    B.    An offender will be referred for prosecution for the crime of Persistent Prison Misbehavior when found guilty of a serious violation that is not a Class A or B felony after losing all potential ERT credits per RCW 9.94.070.

        1.    The Disciplinary Hearing Officer will:

            a.    Notify the Superintendent/designee by email when the criteria for referral is met.

            b.    Enter a Non-Sanction Recommendation in the Prison Discipline section of the electronic file.

        2.    A single violation may result in both disciplinary action by the Department and filing of criminal charges.



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER MANUALS | | |
|---|---|---|---|
| | REVISION DATE 1/1/19 | PAGE NUMBER 5 of 6 | NUMBER **DOC 460.050** |
| **POLICY** | TITLE **DISCIPLINARY SANCTIONS** | | |

          3.    Referrals for prosecution will occur within 30 days of an affirmed appeal decision.

V.    Mandatory Sanctions

    A.    Offenders found guilty of a:

        1.    501, 502, 505, 511, 604, 633, 704, or 711 violation will be prohibited from participating in any form of weightlifting for a period of 2 years, which may be extended by the Superintendent, per RCW 72.09.500 and DOC 540.105 Recreation Program for Offenders.

        2.    557 or 810 violation will lose mandatory good conduct time, all available earned time credits for the month in which the violation occurred, and specified privileges determined by the Disciplinary Hearing Officer.

        3.    603 violation will be subject to mandatory administrative actions and lose mandatory good conduct time and specified privileges.  Multiple violations will result in consecutive mandatory sanctions.

        4.    882 violation will lose mandatory telephone privileges, except legal calls.

        5.    899 violation will lose mandatory good conduct time and specified privileges determined by the Disciplinary Hearing Officer.

    B.    The period for determining the number and frequency of violations is established by the date of the guilty finding.

VI.    Prison Rape Elimination Act (PREA) Violations

    A.    For substantiated PREA allegations against an offender, an infraction report must be written against the accused per DOC 490.860 Prison Rape Elimination Act (PREA) Investigation.

    B.    An offender who is found guilty of a 611, 613, 635, or 637 violation may be sanctioned to a multidisciplinary Facility Risk Management Team review for consideration of available interventions (e.g., Mental Health therapy, Sex Offender Treatment and Assessment Program, Anger Management).

**DEFINITIONS:**

Words/terms appearing in this policy may be defined in the glossary section of the Policy Manual.

**ATTACHMENTS:**



| | STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER MANUALS | | |
|---|---|---|---|---|
| | | **REVISION DATE** 1/1/19 | **PAGE NUMBER** 6 of 6 | **NUMBER** **DOC 460.050** |
| **POLICY** | | TITLE **DISCIPLINARY SANCTIONS** | | |

<u>Disciplinary Violations for Prison and Work Release (Attachment 1)</u>  [4-4226] [4-4228] [4-4255]
<u>Prison Sanctioning Guidelines (Attachment 2)</u>  [4-4226] [4-4228] [4-4255]

**DOC FORMS:**

None

Exhibit 7

violation

| SERIOUS VIOLATION SANCTION OPTIONS | FIRST OFFENSE | SECOND OFFENSE WITHIN 12 MONTHS | THIRD OR SUBSEQUENT OFFENSE WITHIN 12 MONTHS | MAXIMUM RANGE OF SANCTION WITHIN 12 MONTHS |
|---|---|---|---|---|
| **For any serious violation** | | | | |
| Any general violation sanction | Up to maximum ranges for general/serious violations | | | |
| Restitution | As determined by Disciplinary Hearing Officer | | | |
| Loss of housing assignment | As determined by Disciplinary Hearing Officer | | | |
| Recommendation for Facility Risk Management Team (FRMT) review | As determined by Disciplinary Hearing Officer | | | |
| Persistent Prison Misbehavior referral | After losing all potential Earned Release Time credits and only within 30 days of an affirmed appeal decision | | | |
| Indeterminate Sentence Review Board (Board) review for hearing or reconsideration of minimum term | As determined by Disciplinary Hearing Officer and should only occur for violations with actual time loss of 12 months or more and consistent with Department guidelines | | | |
| Urinalysis or breath alcohol testing, for drug/alcohol related violations | | 0 - 90 days | | 90 days |
| **Category A** | | | | |
| Confinement to cell/room | | 0 - 30 consecutive days | | 30 consecutive days |
| Segregation | | 0 - 30 consecutive days | | 30 consecutive days |
| Loss of fee-based recreation | | 0 - 180 days | | 180 days |
| Loss of one or more privilege(s) listed under General Violation Sanction Options | 0 - 30 days | 0 - 90 days | 0 - 180 days | 180 days |
| Loss of monthly package(s) | 4 months | 8 months | 12 months | 12 months |
| Loss of quarterly food package(s) | 2 - 4 quarters | 3 - 4 quarters | 4 quarters | 4 quarters |
| Loss of good conduct time | 0 - 45 days | 0 - 60 days | 0 - 75 days | 76 to 150 days requires Superintendent approval. More than 150 days requires Assistant Secretary approval |
| Suspension of visitation | 0 - 60 consecutive days | 0 - 90 consecutive days | 0 - 180 consecutive days | Extended or permanent restriction requires Superintendent approval and must meet WAC 137-28-350 criteria |
| Suspension of visitation with specified individual(s) | 0 - 60 consecutive days | 0 - 90 consecutive days | 0 - 180 consecutive days | Extended or permanent restriction requires Superintendent approval and must meet WAC 137-28-350 criteria |
| Interruption/restriction of correspondence, telephone, and/or electronic communication privileges. Correspondence may only be limited to specified individual(s). | 0 - 30 days | 0 - 90 days | 0 -180 days | Permanent restriction requires Superintendent approval and must meet WAC 137-28-350 criteria |
| Loss of earned time, only after losing all good conduct time | 0 - 45 days | 0 - 60 days | 0 - 75 days | 75 days |
| **Mandatory Sanction - 882** | 30 | 90 | 180 | 180 consecutive days |

Exhibit 8

Washington Administrative Code(s)/Guidelines (WAC)

WAC 137-28-270 Serious Infraction Procedure

(1) When a staff member witnesses a serious violation or determines that a serious violation has occured, he/she shall prepare and submit an infraction report per Department policy. The staff member will attach to the report copies of any supporting documents, including a summary of any confidential information, which shall not identify the confidential source(s).

(2) The infraction review officer will review the serious infraction report and any supporting documents and/or evidence. If the report is incomplete or the charge(s) is inappropriate, the infraction review officer will return the report to the reporting staff member to be revised, rewritten, or reinvestigated. Otherwise, the infraction review officer will forward the report to the hearing clerk or designee to schedule a hearing.

WAC 137-28-285 Offender Rights

(1) an offender charged with a violation(s) has the right to:
(a) a fair and impartial hearing;
(b) written notice of the alleged violation(s) and a summary of the supporting evidence at least twenty-four hours before the hearing;

WAC 137-28-350 Sanctions Authority to Impose
(1) If the hearing officer finds the offender not guilty
of a violation, disciplinary sanctions shall not
be imposed on the offender for that violation. Recor
ds pertaining to the violation shall not be placed
in the offenders file, but may be retained for stat-
istical, litigation, and record keeping purposes.





| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | **REVISION DATE** 6/11/20 | **PAGE NUMBER** 1 of 12 | **NUMBER** DOC 450.300 |
| **POLICY** | **TITLE** VISITS FOR INCARCERATED INDIVIDUALS | | |

## REVIEW/REVISION HISTORY:

| | |
|---|---|
| Effective: | 1/7/00 |
| Revised: | 2/20/03 |
| Revised: | 11/15/06 |
| Revised: | 4/18/07 AB 07-012 |
| Revised: | 2/20/09 |
| Revised: | 2/1/10 |
| Revised: | 2/4/11 |
| Revised: | 6/1/13 |
| Revised: | 2/2/15 |
| Revised: | 11/21/15 |
| Revised: | 9/1/16 |
| Revised: | 5/29/18 |
| Revised: | 7/11/18 |
| Revised: | 5/7/19 |
| Revised: | 6/11/20 |

## SUMMARY OF REVISION/REVIEW:

Removed reference to "Immediate Family" from Policy Statement III. to the Definitions section.

## APPROVED:

Signature on file

**STEPHEN SINCLAIR**, Secretary
Department of Corrections

6/1/20
Date Signed



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/11/20 | PAGE NUMBER 2 of 12 | NUMBER DOC 450.300 |
| **POLICY** | TITLE **VISITS FOR INCARCERATED INDIVIDUALS** | | |

## REFERENCES:

DOC 100.100 is hereby incorporated into this policy; <u>RCW 9.94.043</u>; <u>RCW 9.94.045</u>; <u>WAC 137-28</u>; <u>DOC 100.560 Non-Discrimination and Accessibility for Visitors/Guests with Disabilities</u>; <u>DOC 150.150 Visits and Tours of Department Facilities and Offices</u>; <u>DOC 420.340 Searching and Detaining Facility Visitors</u>; <u>DOC 460.000 Disciplinary Process for Prisons</u>; <u>DOC 460.050 Disciplinary Sanctions</u>; <u>DOC 590.100 Extended Family Visiting</u>

## POLICY:

I.      The Department recognizes the vital role families play in the reentry process and will support incarcerated individuals in maintaining ties with family, friends, and the community by engaging them and setting reasonable criteria for personal visits.

    A.      Visitors are encouraged to provide feedback to enhance the visit experience. Any form of retaliation toward those who provide feedback will not be tolerated.

II.     Visiting privileges will not be denied on the basis of race, religion, sex, national origin, sexual orientation, gender identity, or physical disability.

## DIRECTIVE:

I.      General Guidelines

    A.      The Department will provide visiting opportunities and programs and a secure and welcoming visit space for incarcerated individuals and their families to provide as normal a family experience as possible by:

        1.      Providing sufficient and safe space for contact visiting and, if necessary, no contact visiting consistent with custody level.  Visit areas will be designed by taking the following into consideration:

            a.      Designated visit areas should include a section that has a child-friendly environment with toys and games suitable for interaction by family members of all ages.

            b.      Reasonable accommodation will be provided for visitors with disabilities per DOC 100.560 Non-Discrimination and Accessibility for Visitors/Guests with Disabilities.

                1)      Service dogs that meet the requirements of the Americans with Disabilities Act will be allowed in visiting areas with their owner per Attachment 2.

            c.      Appropriate seating for all ages should be provided.



| STATE OF WASHINGTON<br>DEPARTMENT OF CORRECTIONS | APPLICABILITY<br>**PRISON**<br>OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE<br>6/11/20 | PAGE NUMBER<br>3 of 12 | NUMBER<br>**DOC 450.300** |
| **POLICY** | TITLE<br>**VISITS FOR INCARCERATED INDIVIDUALS** | | |

      d.   Space is adequately designed to permit screening and searching of both incarcerated individuals and visitors.

      e.   Space may be provided for the proper storage of visitors' coats, handbags, and other personal items not allowed into the visiting area.

  2.   Informing all visit employees of the importance of visiting to maintain ties with family and friends, and in some cases reunification of individuals with their families and significant others.

  3.   Actively encouraging a collaborative working relationship with social service and other private community-based organizations providing transportation, housing, food, clothing, and other assistance to individuals and their families.

B.   Reasonable efforts will be made to ensure the visiting facility is comfortable, pleasant, and permits informal communication and limited, appropriate physical contact.

C.   The Headquarters Visit Unit will ensure:

  1.   All visitor information is entered in the statewide visit system, including visit application information and identified areas of concern, and

  2.   Application status (i.e., pending, approved, denied, rejected) is updated as soon as possible and emailed to the applicant or sent through the United States Postal Service (USPS) when email is not an option.

D.   Each Superintendent will establish a process to ensure the following information is entered into the statewide visit system:

  1.   A record of each visit,

  2.   A picture of each visitor at the first visit, which will be updated when his/her appearance changes or every 2 years for minors, and

  3.   The Statewide Visit Specialist, Communications Director, and DOC Webmaster are notified when visit room closures occur.

E.   Extended family visiting opportunities are available per DOC 590.100 Extended Family Visiting.

F.   Video visiting opportunities are available per Attachment 1.



| STATE OF WASHINGTON<br>DEPARTMENT OF CORRECTIONS | APPLICABILITY<br>**PRISON**<br>OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE<br>6/11/20 | PAGE NUMBER<br>4 of 12 | NUMBER<br>**DOC 450.300** |
| **POLICY** | TITLE<br>**VISITS FOR INCARCERATED INDIVIDUALS** | | |

II.    Eligible Visitors

    A.    Visitors must be approved per the approval process and added to the incarcerated individual's approved visitor list before being allowed to visit unless authorized by the Superintendent.

        1.    Professional visitors are identified as individuals working in a professional capacity (e.g., attorney, clergy, social worker not escorting a minor), are not required to be on the approved visitor list, and will request visits per DOC 150.150 Visits and Tours of Department Facilities and Offices.

    B.    Approved minors (i.e., under 18 years of age and not legally emancipated) may participate in visiting an incarcerated individual when escorted by someone on that individual's approved visitor list, who is:

        1.    A designated adult escort (e.g., an approved non-incarcerated parent/legal guardian, government designated escort,) listed on a notarized DOC 20-441 Parent/Guardian Consent for Minor Visit and/or Escort.

            a.    This form should be submitted before the date of the visit to the Headquarters Visit Unit.

        2.    Another approved minor listed on the approved visitor list when s/he is the parent of the minor and the visit is approved by the Superintendent/ designee.

            a.    Unless the minor parent is legally emancipated, both the minor parent and minor child(ren) must be escorted by an approved adult on the individual's approved visitor list.

        3.    Government designated escorts (e.g., guardian ad litem, court-appointed special advocate, government caseworker/visit supervisor) must submit DOC 20-182 Government Designated Escort Application to escort an approved minor.  The Visit Unit will verify the authenticity of the applicant.

    C.    Current and former Department employees, contract staff, and volunteers who are immediate family must attach DOC 20-450 Approval for Visits by Current/Former Employee, Contract Staff, or Volunteer to the visit application.

        1.    Former Department employees, contract staff, and volunteers who are not immediate family may request visiting privileges after 3 years has elapsed from the last date of employment/work for the Department.

III.    Ineligible visitors



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/11/20 | PAGE NUMBER 5 of 12 | NUMBER **DOC 450.300** |
| **POLICY** | TITLE **VISITS FOR INCARCERATED INDIVIDUALS** | | |

A.   The following are ineligible to visit incarcerated individuals:

  1.   A victim of the incarcerated individual's current offense(s) or any previous adjudicated offense.

  a.   Exceptions may be granted for immediate family members by the Assistant Secretary for Prisons.

  b.   A minor may be denied due to the nature of a crime of conviction if s/he is profiled as comparable to that of a victim.

  2.   · Persons involved with the incarcerated individual in the commission of the offense for which s/he is incarcerated.

  a.   Exceptions may be granted by the Assistant Secretary for Prisons/Headquarters Correctional Program Administrator for immediate family members or if there is a clear demonstration the visits would benefit the incarcerated individual.

  3.   Persons restricted per the Judgment and Sentence (J & S), including conditions of community supervision that prohibit contact with an individual or category of individuals.

  a.   Although supervised visits may be allowed per the J & S, supervision by facility visit employees does not constitute supervised visiting as required by court orders.

  4.   Persons who have any conviction(s) for introduction of contraband into a jail or prison setting.

  5.   Persons with pending charges.

  6.   Current Department employees, contract staff, and volunteers who are not immediate family are not eligible for visits.

B.   Persons with felony convictions are not eligible to apply for visiting privileges for 2 years after expiration of the sentence, community supervision, or conditions of a deferred sentence with the following exceptions:

  1.   Immediate family members with proof of relationship may be considered for visit privileges one year from the date of closure or with permission from his/her Community Corrections Officer (CCO) after successfully completing one year of supervision.



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/11/20 | PAGE NUMBER 6 of 12 | NUMBER **DOC 450.300** |
| **POLICY** | TITLE   **VISITS FOR INCARCERATED INDIVIDUALS** | | |

      2.    Persons on unsupervised probation/deferrals may be considered for visit privileges 2 years from the date of sentencing with permission from the court.

      3.    Persons who only owe Legal Financial Obligations are not subject to these requirements.

  C.    Persons with misdemeanor convictions are not eligible to apply for visiting privileges for 6 months after expiration of sentence.

      1.    Immediate family members with proof of relationship, may be considered after 3 months from the date of closure or with written permission from his/her CCO, Parole Officer, or the court after successfully completing one year of supervision.

      2.    Persons who only owe Legal Financial Obligations are not subject to this requirement.

IV.    Special Visits

  A.    Special visits may be permitted for:

      1.    Visitors who travel a long distance (i.e., at least 250 miles one way) or from out of the country.

      2.    Individuals who use special transportation services facilitated and contracted by the Department.

      3.    Appointed members of local and/or statewide family councils who have missed visits due to participation in council meetings.

      4.    Incarcerated individuals who are in restrictive housing or hospitalized.

  B.    Special visits will only be approved for persons on the incarcerated individual's approved visitor list unless approved by the Superintendent/designee for extraordinary circumstances.

  C.    Special visits must be requested on DOC 21-787 Special Visit Request and submitted to facility visit employees as soon as possible, but no less than 5 business days before the requested date.

      1.    All visitors who wish to participate in the special visit must be listed on the form.

      2.    Visit employees will process requests before the requested visit date.



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | **REVISION DATE** 6/11/20 | **PAGE NUMBER** 7 of 12 | **NUMBER** **DOC 450.300** |
| **POLICY** | **TITLE** **VISITS FOR INCARCERATED INDIVIDUALS** | | |

D. The Superintendent/designee will coordinate adjustments to established times and days for individuals on the approved visitor list to accommodate special requests.

V. Approval Process

   A. Each prospective visitor must apply for visiting privileges.

      1. Prospective visitors will complete one of the following applicable electronic applications at doc.wa.gov:

         a. DOC 20-060 Visitor Application for adult visitors
         b. DOC 20-181 Minor Visitor Application for minor visitors

            1) A completed and notarized copy of DOC 20-441 Parent/ Guardian Consent for Minor Visit and/or Escort must be attached to the visit application for a minor(s).

      2. Providing false/misleading information or failure to list all previous criminal history on the visit application may result in denial of visiting privileges.

   B. Applications will be processed within 30 days of receipt.

   C. National Crime Information Center (NCIC), Washington State Crime Information Center (WACIC), and District and Municipal Court Information Center (DISCIS) background checks will be conducted, and the incarcerated individual's electronic file will be reviewed to verify the applicant's identity and ensure the accuracy of the visitor's application.

      1. Subsequent background checks may be run on a periodic basis.

VI. Approved Visitor List

   A. There is no limit to the number of visitors an individual may have on his/her approved visitor list.

   B. Visitors may only be on one approved visitor list unless they are immediate family members of more than one incarcerated individual and approved by the Statewide Visit Specialist.

      1. A visit application will need to be submitted by the family member and approved for each incarcerated individual.

      2. A Headquarters Visit Unit employee will complete DOC 20-438 Approval for Visits with Multiple Incarcerated Individuals and submit it to the



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/11/20 | PAGE NUMBER 8 of 12 | NUMBER **DOC 450.300** |
| **POLICY** | TITLE **VISITS FOR INCARCERATED INDIVIDUALS** | | |

Statewide Visit Specialist. Visitors will be notified via email regarding status.

    3.    If a child with incarcerated parents participates in visiting with both parents, an exception may be allowed for the adult accompanying the child as an escort.

C.    When an individual is transferred to another facility, his/her approved visitor list will remain active and be available in the statewide visit system.

    1.    Incarcerated individuals will be responsible for notifying their visitors of transfers.

    2.    The receiving facility may conduct a review of each individual listed for updated law enforcement and intelligence data.

    3.    When the receiving Superintendent believes visiting should be denied, the matter will be referred to the appropriate Deputy Director/designee for a final decision.

D.    Individuals will use the kiosk to view their approved visitor list.

    1.    For facilities without a kiosk, the Superintendent will establish a process to notify individuals regarding their approved visitor list.

E.    Visitor lists will be closed out and no longer valid when an individual is released from confinement, passes away, or is on escape status. If an individual is re-incarcerated, all visitors must go through the approval process to create a new visitor list.

F.    Applicants denied placement on an approved visitor list will be informed, in writing, of the reasons for denial.

    1.    When all avenues of appeal have been exhausted and the denial is being upheld, the applicant must wait 12 months after the date of the last action before reapplying for visit privileges.

VII.    Removal of Names from the Approved Visitor List

A.    An individual may remove a visitor from his/her approved visitor list by sending a written request to the Headquarters Visit Unit at PO Box 41118, Olympia, WA 98504-1118 or via kiosk.

B.    A visitor who wishes to be removed from a visitor list must send a request via email or by writing to the Headquarters Visit Unit.



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/11/20 | PAGE NUMBER 9 of 12 | NUMBER **DOC 450.300** |
| **POLICY** | TITLE **VISITS FOR INCARCERATED INDIVIDUALS** | | |

C.    If a visitor is removed from an approved visitor list, s/he must wait 90 days before being added to any visit list.

    1.    The waiting period may be waived if the visitor has not used his/her visiting privileges within the last 90 days.

D.    Minors may be removed from a visit list if any legal parental authority requests it in writing to the Headquarters Visit Unit and attaches proof of authority (e.g., parenting plan, court documents).

VIII.    Visit Processes

A.    Visitors and incarcerated individuals will be treated courteously.  Rule enforcement will be polite and professional.

B.    Copies of the Visitor Guidelines (Attachment 2) will be available to all incarcerated individuals and visitors at the facility and at doc.wa.gov.  Information will also be provided concerning transportation to the facility.

    1.    Each facility will identify processes specific to their location in Attachment 2 to include:

        a.    Hours and days for personal visits, including appropriate arrival times.

        b.    The maximum number of visitors each individual is allowed during visiting hours and the length of visits, which may be limited only by facility schedule, space, and personnel constraints, or when there are substantial reasons to justify the limitations.

        c.    Check in/out process for visitors.

    2.    Requests for exceptions to the Visitor Guidelines (Attachment 2) will be submitted to the appropriate Deputy Director for approval.

C.    All visitors and service dogs are subject to pat, electronic, and canine searches.  Lockers used by visitors, as well as visitors' vehicles, purses, packages, briefcases, or similar containers which are brought onto facility grounds may be searched per DOC 420.340 Searching and Detaining Facility Visitors.

    1.    All visitors should read DOC 420.340 Searching and Detaining Facility Visitors and are required to sign DOC 21-575 Acknowledgment of Visitor Search Requirements before the first visit with an incarcerated individual.



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/11/20 | PAGE NUMBER 10 of 12 | NUMBER **DOC 450.300** |
| **POLICY** | TITLE **VISITS FOR INCARCERATED INDIVIDUALS** | | |

D.　In addition to brief, appropriate contact at the beginning of each visit, an incarcerated individual may have physical contact with his/her child(ren) 8 years of age and under.

　　1.　The Superintendent may impose additional requirements that limit physical contact for a specific individual visitor.

E.　Visitors with minors are responsible for ensuring the minors they escort are accompanied and supervised during the entire visit.

F.　Visitors and incarcerated individuals will only bring limited items into the facility visit room and should dress appropriately per Attachment 2.

IX.　Denial, Suspension, or Termination of Visits

A.　While the Department intends to actively engage families in support of those under its jurisdiction, visiting may be denied, suspended, terminated, or restricted as a sanction for a guilty finding of visit-related infractions, violent offenses, or drug-related behavior that presents a security or safety threat.

　　1.　Sanctions will be imposed per DOC 460.050 Disciplinary Sanctions and will be shared with affected family members.

B.　Persons involved in attempting/conspiring to introduce, or aiding and abetting another to introduce contraband will have their visit privileges suspended or permanently terminated.

　　1.　A visitor found in possession of dangerous contraband may be detained and/or searched per DOC 420.340 Searching and Detaining Facility Visitors and will have their visit privileges permanently terminated.

　　2.　A visitor found in possession of items that are legal, but considered contraband in Prisons will have their visiting privileges suspended for 6 months. Subsequent violations will result in permanent termination of visiting privileges.

C.　The Superintendent may suspend/terminate visiting privileges with a specified individual(s) as the result of a very serious violation or multiple violations.

D.　The Superintendent or designee at the rank of Shift Commander or higher may deny entrance to visitors or terminate a visit in progress if:

　　1.　There is prior knowledge leading to evidence that a visitor is attempting to smuggle contraband in or out of the facility.



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/11/20 | PAGE NUMBER 11 of 12 | NUMBER **DOC 450.300** |
| **POLICY** | TITLE **VISITS FOR INCARCERATED INDIVIDUALS** | | |

        a.    Local law enforcement will be contacted and allowed to handle visitor search procedures if there is sufficient information and time to coordinate efforts.

    2.    There is a disturbance or emergency situation within the facility.

    3.    There is clear and present or imminent danger to the health or safety of anyone.

    4.    There is reasonable suspicion to believe that criminal conduct will result if entrance is allowed.

    5.    The visitor appears to be under the influence of alcohol or drugs.

    6.    The individual or visitor fails to abide by Department policies or the facility's rules or procedures.

E.    The Superintendent may suspend or terminate the visiting privileges of a visitor for a serious/repeated violation of this policy or serious/repeated abuse of visit privileges on the part of the visitor or incarcerated individual.

    1.    The Superintendent/designee may prolong a suspension if there remains a clear and present or imminent danger to the health or safety of anyone or risk to facility security.

F.    DOC 20-454 Visitor's Notice of Suspension/Termination will be sent to the visitor within 10 days identifying the specific reason(s) for a suspension or termination.

    1.    The incarcerated individual may request the reason for the suspension, denial, or termination from the visitor.

X.    No Contact Provisions

A.    The Superintendent will establish procedures for no contact visiting in cases of substantiated security risk.

B.    The Superintendent may impose no contact visit provisions for inappropriate or security threat-related behavior displayed by the incarcerated individual and/or visitor.

XI.    Appeals for Visiting Privileges

A.    A visitor may appeal an initial visit application denial in writing to the Assistant Secretary for Prisons/Headquarters Correctional Program Administrator.  A



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 6/11/20 | PAGE NUMBER 12 of 12 | NUMBER **DOC 450.300** |
| **POLICY** | TITLE **VISITS FOR INCARCERATED INDIVIDUALS** | | |

written decision will be mailed through the USPS when email is not an option for notification to the visitor.

B.   Visitors may appeal visiting privilege restrictions/suspension/termination by writing to the facility's Superintendent, stating the circumstances and why visiting privileges should be restored.  If the Superintendent upholds the decision, the visitor may appeal the Superintendent's decision to the Assistant Secretary for Prisons, who has final authority on visiting privilege appeals.

XII.   Documentation

A.   All visit-related documentation will be scanned into the incarcerated individual's electronic imaging file.

B.   The Statewide Visit Specialist will assist with document verification and processing, as necessary.

**DEFINITIONS:**

The following words/terms are important to this policy and are defined in the glossary section of the Policy Manual:  Dangerous Contraband, Immediate Family.  Other words/terms appearing in this policy may also be defined in the glossary.

**ATTACHMENTS:**

Video Visiting (Attachment 1)
Visitor Guidelines (Attachment 2)

**DOC FORMS:**

DOC 20-060 Visitor Application for adult visitors
DOC 20-181 Minor Visitor Application for minor visitors
DOC 20-182 Government Designated Escort Application
DOC 20-438 Approval for Visits with Multiple Incarcerated Individuals
DOC 20-441 Parental/Guardian Consent for Minor Visit and/or Escort
DOC 20-450 Approval for Visits by Current/Former Employee, Contract Staff, or Volunteer
DOC 20-454 Visitor's Notice of Suspension/Termination
DOC 21-575 Acknowledgment of Visitor Search Requirements
DOC 21-787 Special Visit Request

Declaration of Say Keodara
Pertaining to his 1983 civil Suit
(In Re: Grievances for count 3)

Pursuant to U.S.C § 1746 I declare under
the penalty of perjury that the following is
true and correct.

1. Grievance (complaint form Log I.D number 2071
2332) is attached to this declaration as Exhibit 10
F. The plaintiff filed this grievance against the
IIU or "INI" (Intelligence and Investigations Unit)
on 8/29/2020 and recieved a copy of a
response on 9/16/2020.
   A. In the "SHORT DESCRIPTION" of section of this
complaint form the plaintiff writes: INI tried to
interview me today, probably to help them solve th
eir Investigation. But, I can't give information I
don't have nor will I assist them in grasping
at air to catch someone. they've (INI) accused
me of knowing what C/O is bringing in drugs
to CBCC, want names s to talk to me I refused
to be interviewed. I can't help. So they shut
off my phone pin. been in IMU since 8/18/20
the day I refused to interview they cut my
phone off.
   B. The plaintiff makes a request in the "SUGG
ESTED REMEDY" section: Turn my pin on.
   C. In the "GRIEVANCE COORDINATOR'S RESPONSE"
section the grievance coordinator informatly
resolved

informally resolved the complaint stating: your
loin has been turned back on.
D. This grievance is relevant to Count 3, 3.
3, - 3.7 and helps to establish circumstantial
evidence of retaliation and no legitimate corre
ctional goal.

2. Grievance (Complaint form Log I.D number 2
07/4521) is attached to this declaration as
Exhibit 10. The plaintiff filed this grievance
against the IIU or "INI" (Intelligence and Inve-
stigations Unit) on 10/5/2020 and recieved a
copy of a response on 10/22/2020.
A. In the "SHORT DESCRIPTION" section of this
complaint form the plaintiff writes: INI has re-
stricted me from calling my family/loved ones
for NO reason. On Aug 28(?) They shut off
my phone pin 3 restricted me from calling cert
ain family. I grieved it 3 it was turned back
on, however I shortly realized after that they
also restricted friends, family's #'s, too. I
chose to not complain again - to not provoke
INI to take further arbitrary action against
me. Then today, I tried to call a loved one
3 its been restricted by the facility... for no
reason. I'm not involved in criminal activity
so there is definitely no conversations being

had about anything illegal or threat to security. They're being malicious because they want my help in their investigations.

B. The plaintiff requests in the "SUGGESTED REMEDY" section: Un-restrict all #'s that INI restricted & apologize to my family.

C. In the "GRIEVANCE COORDINATOR'S RESPONSE" section the grievance coordinator informally resolved the complaint and wrote in the "COMMENTS" section: Your numbers are no longer restricted, the restriction have been lifted.

D. This grievance is relevant to count III, 3.8, 3.9, 3.11 and helps to establish circumstantial evidence of retaliation and no legitimate correctional goal.

3. Grievance/Complaint form Log I.D number 20711659|) is attached to this declaration as Exhibit 10. The plaintiff filed this grievance against Superintendent Jeri Boe (Defendant Boe) on 11/15/2020 and recieved a response on 12/3/2020.

A. In the "SHORT DESCRIPTION" section of this complaint form the plaintiff writes: All forms of communication are restricted permanently with my fiancé, Melissa Mesa who

is a U.S. Customs/borders officer. Her letters
(s) were rejected due to the restriction & I
cannot call her because it's been restricted
by the facility. There is NOT one letter /
phone call that will lead any reasonable mi-
ned individual to believe that her and my com-
munication create a risk to the security/op-
eration of CBCC or any other DOC facility—
Her # was un-restricted in complaint form
#207/4521. I can't sleep at night, I worry
of further retaliation because I've been cons-
tantly harrassed by I.N.I, how MS. Boe,
INI spoke to Ms. Mesa & they assured her
that the restriction would be lifted... It
was due to my complaint form, but now,
here they go again.
B. The plaintiff requests in the "SUGGEST
ED REMEDY" section that: 1. Un-restrict our
communication. 2. Send me out! 5. provide
a letter/call that proves its a security
risk.
C. The grievance coordinator's response is
in the "GRIEVANCE COORDINATOR'S RE
SPONSE" sections and states in the
"COMMENTS" section: Your complaint
has merit. It has Been Removed from
the Grievance Program and is under

further review.

D. This grievance is relevant to count III (3), 3.14, 3.16 and helps to establish circumstantial evidence of retaliation and no legitimate correctional goal.

Pursuant to U.S.C. S 1746 I declare under the penalty of perjury that the facts in this declaration are true to my knowledge and that the facts stated on information and belief are true to the best of my knowledge and belief.

Feb 20, 2021

Say Suljin Keodara

Exhibit 10

# Department of
# Corrections
## WASHINGTON STATE

LOG I.D. NUMBER: 2012332

## COMPLAINT FORM

CHECK ONE: ☑ Initial   ☑ Emergency   ☐ Appeal   ☐ Rewrite

| NAME: Last | First | Middle | DOC number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| KEODARA | SAY | S. | 367524 | CBCC | E A-10 |

WHO (names) or WHAT (policy, procedure, or practice) are you grieving?
INI

| LOCATION of incident grieved | DATE of incident | TIME of incident |
|---|---|---|
| INU | 8/29/20 | 6:00PM |

WITNESS names and DOC numbers (if relevant):

SHORT DESCRIPTION of what happened and how it affected you (ONE issue per grievance):

INI tried to interview me today, probably to help them solve there investigation. But, I can't give information I don't have nor will I assist them in grasping at air to catch someone.

They're (INI) accused me of knowing what C/O is bringing in drugs in CBCC, want names? to talk to me I refused to be interviewed ~~...~~ ~~...~~ ~~...~~ I can't help. So they shot off my phone pin. been in INU since 8/18/20 the day I refuse to interview

SUGGESTED REMEDY:
Turn my Phone pin on, ~~...~~ they cut my phone off.

MANDATORY SIGNATURE: _[signature]_    Date: 8/29/20

| GRIEVANCE COORDINATOR'S RESPONSE: | Facility/Office Received | Date Received |
|---|---|---|
| | CBCC | 9/1/20 |

☐ Formal grievance/appeal paperwork being prepared
☑ Informally resolved
☐ You didn't attend callout
☐ Administratively withdrawn

☐ Rewrite (see below)
• Return in 5 working days or by
☐ No rewrite received
☐ You requested to withdraw

☐ Sent to:
• Date sent:
• Date received:
☐ Not grievable
☐ Not acceptable

Comments:
Your 1pin has been turned back on.

| Coordinator (print) | Coordinator (signature) | Date |
|---|---|---|
| K.Thomas | K.Thomas | 9/14/20 |

**LOG I.D. NUMBER:** 2071452

**Department of Corrections**
WASHINGTON STATE

**COMPLAINT FORM**

CHECK ONE: ☒ Initial ☐ Emergency ☐ Appeal ☐ Rewrite

| NAME: Last | First | Middle | DOC number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| KEODARA | SAY | S | 367524 | CBCC | E·A·10 |

WHO (names) or WHAT (policy, procedure, or practice) are you grieving?
INI

| LOCATION of incident grieved IMU | DATE of incident 10/5/2020 | TIME of incident 8:AM |
|---|---|---|

WITNESS names and DOC numbers (if relevant):
My aunties and mother of my child.

SHORT DESCRIPTION of what happened and how it affected you (ONE issue per grievance):
INI has restricted me from calling my family/loved ones for NO Reason. On Aug 20(?) They shut off my Phone pin & restricted me from calling certain family. I grieved it & it was turned back on, however - I shortly realized after that they also restricted family's #'s, too. I chose to not complain again - to not provoke INI to take further Arbitrary action against me.
Then, today, I tried to call a loved one & its been restricted by the facility... for NO reason. I'm not involved in criminal activity so there definitely is no conversations being had about anything illegal or threat to security. They're being malicious because they want my help in their investigations.

SUGGESTED REMEDY:
Unrestrict all #'s that INI restricted & apologize to my family for treating them like a criminal

| MANDATORY SIGNATURE: S. Keodara | Date: 10/5/20 a.k.a. the above crime |
|---|---|

| GRIEVANCE COORDINATOR'S RESPONSE: | Facility/Office Received CBCC | Date Received 10/8/20 |
|---|---|---|

☐ Formal grievance/appeal paperwork being prepared
☒ Informally resolved
☐ You didn't attend callout
☐ Administratively withdrawn

☐ Rewrite (see below)
• Return in 5 working days or by:
☐ No rewrite received
☐ You requested to withdraw

☐ Sent to:
• Date sent:
• Date received:
☐ Not grievable
☒ Not acceptable

Comments: Your numbers are no longer restricted, the restrictions have been lifted.

| Coordinator (print) KThomas | Coordinator (signature) K Thomas | Date 10/11/20 |
|---|---|---|

# Department of Corrections
WASHINGTON STATE

**LOG I.D. NUMBER:** 20716591

**COMPLAINT FORM**

**CHECK ONE:** ☐ Initial  ☐ Emergency  ☐ Appeal  ☐ Rewrite

| NAME: Last | First | Middle | DOC number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| KEODARA | SAY | S | 367524 | CBCC | F.A.10 |

WHO (names) or WHAT (policy, procedure, or practice) are you grieving? Grievable Items (4)
Superintendent Jeri Boe, DOC Policy(s) 450.100, 450.200,

LOCATION of incident grieved IMU    DATE of incident Nov 4, 2020    TIME of incident 4 AM

WITNESS names and DOC numbers (if relevant):

SHORT DESCRIPTION of what happened and how it affected you (ONE issue per grievance):
- All forms of communication are restricted permanently with my fiancé, Melissa Mesa who is a U.S Customs/borders officer.
- Her letters (s) were rejected due to the restriction? I cannot call her because it's been restricted by the facility.
- There is NOT one letter/phone call that will lead any reasonable minded individual to believe that her and my communication create a risk to the security/operation of CBCC or any other DOC facility. — Her # was un-restricted in complaint form #20714521
- I can't sleep at night, I worry of further retaliation because I've been constantly harrassed by I.N.I AND MS. BOE, INI spoke to Ms. Mesa & they assured her that the restriction would be lifted... It was due to my

SUGGESTED REMEDY: 2. send me a 1. 3. provide a letter/call complaint form, but no, Un-Restrict our communication OR that proves it's a here they go again. security risk,

MANDATORY SIGNATURE: [signature]    Date: 11/15/2020.

| **GRIEVANCE COORDINATOR'S RESPONSE:** | **Facility/Office Received** | **Date Received** |
|---|---|---|
| | IMU at CBCC | 11/19/2020 |

☐ Formal grievance/appeal paperwork being prepared
☐ Informally resolved
☐ You didn't attend callout
☐ Administratively withdrawn

☐ Rewrite (see below)
• Return in 5 working days or by
☐ No rewrite received
☐ You requested to withdraw

☐ Sent to:
• Date sent:
• Date received:
☐ Not grievable
☐ Not acceptable

**Comments:** YOUR COMPLAINT HAS MERIT IT HAS BEEN REMOVED FROM THE GRIEVANCE PROGRAM AND IS UNDER FURTHER REVIEW.

| Coordinator (print) EUNGITA | Coordinator (signature) [signature] | Date 12/3/2020 |