UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAY SULIN KEODARA,

        Plaintiff,

v.

JERRI BOE, et al.,

        Defendants.

Case No. 3:21-cv-5129-JCC-TLF

ORDER GRANTING LEAVE TO AMEND AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*, has brought a motion to file a supplemental complaint (Dkt. 11) and a motion for court-appointed counsel (Dkt. 12). The Court directs plaintiff to file an amended complaint incorporating his proposed supplemental allegations and denies plaintiff's motion for counsel.

**A.    Motion to Supplement**

On March 28, 2021, plaintiff filed a motion for leave to file a supplemental complaint, which seeks to add further allegations of wrongdoing and a third defendant to this action. Dkt. 11. The Court directed service of plaintiff's original complaint on March 9, 2021. Dkt. 9. The defendants named in the original complaint have filed waivers of service and a notice of appearance (Dkts. 14, 15, 16), but had not filed a responsive pleading at the time plaintiff filed his motion. Defendants subsequently filed an answer on May 5, 2021. Dkt. 17.

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a). *See also Mayle v. Felix*,

ORDER GRANTING LEAVE TO AMEND AND
DENYING REQUEST FOR APPOINTMENT OF
COUNSEL - 1

545 U.S. 644, 665-66 (2005) (Plaintiff's opportunity to amend as a matter of course, without permission of the Court, exists within 21 days of when the responsive pleading is served). Because no responsive pleading had been filed at the time plaintiff filed his motion, and 21 days have not passed since defendants' answer was filed, plaintiff is entitled to amend his complaint as a matter of course.

The Court directs that plaintiff file a new and complete amended complaint including all new claims and defendants he wishes to add which are related to his original complaint on or before **June 18, 2021**. Plaintiff is directed to file the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety; it should be an original and not a copy; it should contain the same case number; and although it may re-assert allegations from the original complaint, the amended complaint may not simply attach or incorporate any part of the original complaint by reference. The amended complaint will be a complete substitute for the original complaint, and it is not a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If the amended complaint is not timely filed, this case will proceed on plaintiff's original complaint.

B.   **Request for Counsel**

Plaintiff also makes a motion requesting the Court to appoint counsel. Dkt. 12. A plaintiff has no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)).

*Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff argues only that he is indigent and that he has attempted, without success, to retain counsel. Dkt. 12 at 1–2. Plaintiff has demonstrated he has both a sufficient grasp of the legal issues in his case and an adequate ability to articulate the factual basis of his claim. Furthermore, this case is in its early stages and plaintiff will be filing an amended complaint. Accordingly, the Court cannot determine whether plaintiff's claims are likely to succeed. This case does not, at this time, present the extraordinary circumstances required for the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. Plaintiff's request for counsel is DENIED without prejudice.

**C.    Conclusion**

The Court therefore ORDERS as follows:

(1) Plaintiff's motion to amend his complaint (Dkt. 11) is GRANTED. Plaintiff shall file an amended complaint on or before June 18, 2021. The Clerk is directed to send

plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. (2) Plaintiff's motion for appointment of counsel (Dkt. 12) is DENIED without prejudice.

Dated this 18th day of May, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING LEAVE TO AMEND AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL - 4