UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAY SULIN KEODARA, <br><br> Plaintiff, <br><br> v. <br><br> JERI BOE and ROBERT HERZOG, <br><br> Defendants. | Case No. 21-cv-5129-TL-TLF <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court on Defendants' motion to seal Exhibit 12 to the Declaration of Jeri Boe and Exhibit 1 to the Declaration of Conrad Artis submitted in support of Defendants' motion for summary judgment (Dkt. 30) and Defendants' "motion to replace previously filed documents" (Dkt. 32). Defendants claim that the Department of Corrections (DOC) received "credible information showing that Keodara is using the information in the Defendants' Motion for Summary Judgment, attached declarations, and exhibits, to conduct criminal activity, including causing harm to other incarcerated individuals." Dkt. 30 at 1; Dkt. 32 at 1. Thus to "mitigate any further attempts to misuse the information contained within the Defendants' motion for summary judgment," Defendants seek to seal the aforementioned exhibits as well as replace their motion for summary judgment, the declaration of Mr. Boe and the declaration of Mr. Artis with amended documents.

ORDER TO SHOW CAUSE - 1

DOC is investigating this matter; no further information or updates have been provided. *Id.* Plaintiff has not responded to either motions.

As explained below, at this point, Defendants have not provided a compelling reason to seal the exhibits or replace their originally filed motion for summary judgment. However, given the nature of Defendants' concerns and that DOC may have results from their investigation, the Court will provide Defendants until **April 13, 2022** to show cause why the Court should seal the exhibits and replace the originally filed motion for summary judgment with the amended motion for summary judgment and accompanying declarations and exhibits. If Defendants' fail to respond to this order or are unable to meet the burden necessary to seal documents, the Court will order that the exhibits be unsealed, and the Court will consider Defendants' originally filed summary judgment motion (Dkt. 25).

## DISCUSSION

There is a strong presumption in favor of public access to judicial records and documents. As the Ninth Circuit explained in *Kamakana v. City & Cty. of Honolulu*, "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." 447 F.3d 1172, 1180 (9th Cir. 2006). This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Court documents associated with non-dispositive motions may be sealed for "good cause," whereas documents associated with dispositive motions may be sealed only for

"compelling reasons." *Kamakana*, 447 F.3d at 1180-81 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)).

The distinction between dispositive and non-dispositive motions exists because "the public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also Foltz*, 447 F.3d at 1180 (explaining that "[t]here are good reasons to distinguish between dispositive and nondispositive motions"). As the court explained in *Kamakana*:

> [T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events.

447 F.3d at 1179.

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1192 (9th Cir. 2016). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. If a court chooses to seal documents, it must "base its decision on a compelling reason and articulate the factual basis for its ruling,

without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). This requires the party seeking to seal documents to "make a particularized showing ... supported by specific factual findings that outweigh the important public policies favoring disclosure of that document." *Unknown Parties v. Johnson*, No. CV-15-00250-TUC-DCB, 2016 WL 8199309, at *4 (D. Ariz. June 27, 2016) (citing *Kamakana*, 447 F.3d at 1178, 1180–81).

Here, Defendants provided scant explanation why certain exhibits should be sealed or replaced. Defendants failed to specifically explain the legitimate private or public interests that warrant sealing the exhibits or the injury that will result if the exhibits are not sealed. Blanket claims of criminal activity or rather, the *potential* threat of criminal activity is insufficient; instead, the party "must demonstrate specific prejudice or harm flowing from the disclosure of a specific document." *Id.* Defendants simply assert that they received information that Plaintiff was using the information contained in the summary judgment motion to conduct criminal activity, but fail to explain *how.* Defendants do not explain how sealing such documents from the public will resolve the concern about Plaintiff's use of such documents. The Court cannot seal the documents from Plaintiff himself as he requires Defendants' motion and supporting documents to respond to the motion and continue to litigate his case.

Similarly, Defendants filed an amended motion for summary judgment relying on the same reasoning as their motion to seal – i.e., Plaintiff's alleged use of such documents to conduct criminal activity. Yet, Defendants fail to specifically explain to the Court how the removal of certain paragraphs from their moving motion and supporting

declarations will address their concerns about how Plaintiff has been using the documents.

Consequently, it appears to be premature to grant Defendants' motion to seal and motion to replace. However, given the nature of Defendants' concerns, the Court will allow Defendants until April 13, 2022, to explain to the Court, with specificity, why their motion for summary judgment should be sealed and replaced with the amended version.

Dated this 6th day of April, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge