1
2
3
4                       UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
5                                AT TACOMA

6    SAY SULIN KEODARA,

7                              Plaintiff,          Case No. 3:21-cv-5129-TL-TLF

8           v.                                     REPORT AND
                                                   RECOMMENDATION
9    JERI BOE,
                                                   Noting Date – June 10, 2022
10                            Defendants.

11          This matter comes before the Court on Plaintiff's motion for leave to file an

12   amended complaint. Dkt.49. Plaintiff states that he seeks leave to file an amended

13   complaint to amend Count Four of his complaint against Defendant Robert Herzog. *Id.*

14   at 1. Specifically, he wants to allege "a Fourteenth Amendment Due Process" claim

15   under the theory of "supervisory liability" against Defendant Herzog. Dkt. 49 at 1-2.

16   Plaintiff states that he misunderstood the law when he initially claimed Defendant

17   Herzog violated his Eighth Amendment rights. *Id.* Plaintiff states that he would not be

18   alleging any new facts in the amended complaint. *Id.*

19          Having considered the motion and Defendants' response (Dkt. 52), the Court

20   recommends it should be denied without prejudice.

21                                  **DISCUSSION**

22          A party seeking to amend his complaint may seek leave of the Court. Fed. R.

23   Civ. P. 15(a). Federal Rule 15(a) indicates that "[t]he court should freely give leave

24

25

REPORT AND RECOMMENDATION - 1

when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this is a liberal standard, leave to amend is discretionary and courts have identified a number of factors to consider when determining whether leave is appropriate. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors include undue prejudice, futility, and undue delay. *Id*.

Local Civil Rule 15 requires a party who is seeking to amend a pleading to <u>attach the proposed amended pleading as an exhibit</u> to the motion. LCR 15. The party must also indicate how the proposed amended pleading differs from the original pleading by <u>highlighting the text that is added and striking through part that is deleted</u>. *Id*. This rule allows the Court and the parties to review the specific allegations in the proposed amended complaint and evaluate whether the amendment should be allowed, or whether the proposed amendment would be prejudicial, or futile.

Here, Plaintiff did not submit his proposed amended pleading. As such, Plaintiff has not complied with the requirements of the Local Civil Rules. Therefore, the motion (Dkt. 49) should be denied without prejudice.

## CONCLUSION

Plaintiff did not comply with Local Civil Rule 15; plaintiff did not attach his proposed amended complaint. Because he did not attach a proposed amended complaint, he also did not comply with Local Civil Rule 15's requirement that he show how the amended pleading would be different from the pleading that he requests to amend – he did not highlight added language, and he did not strike through deleted language. Therefore the Court should DENY Plaintiff's motion.

1     Plaintiff has **fourteen (14) days** from service of this Report and

2    Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule

3    of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in

4    a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140

5    (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

6    directed to set this matter for consideration on **June 10, 2022**, as noted in the caption.

7     Dated this 24th day of May, 2022.

8

9

10

11                 Theresa L. Fricke
                   United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25